[Argued October 18, 1892;  decided October 31, 1892.]

PORTLAND TRUST COMPANY ET AL. *v.* SAMUEL COULTER ET AL.

[S. C. 31 Pac. Rep. 282.]

1. RES JUDICATA.—A decision of the supreme court on a point distinctly made is, in all subsequent proceedings between the same parties, concerning the same subject matter, and on the same facts, the law of the case by which the court is bound, whatever its views might be on an original consideration of the case. *Powell* v. *D. & G. R. R. Co.* 14 Or. 22 (12 Pac. Rep. 83), and *Applegate* v. *Dowell,* 17 Or. 229 (20 Pac. Rep. 429),

approved and followed. *Curtis* v. *La Grande Water Co.* 20 Or. 34 ( 23 Pac. Rep. 808, and 25 Pac. Rep. 378 ), distinguished.

2. IDEM.—A decision of a point distinctly presented and decided on a former appeal in an action at law, governs a subsequent equity case between the same parties upon the same subject.

3. EQUITABLE RELIEF.— In an action to enjoin the prosecution of actions of ejectment, it appeared that plaintiff claimed title from the grantee in a deed executed by a wife as attorney in fact of her husband; that the deed was void because made for a consideration unauthorized by the power of attorney; that the land in dispute was donated to the husband by the wife's mother, with the express declaration that the wife should have no part of it: *held,* that the wife could not be considered the equitable owner of the land, so as to make effective her void conveyance under the power.

4. EQUITY — DEFECTIVE EXECUTION OF POWER.— Equity will relieve against the defective execution of a power, but will not give validity to a void act under the pretense of aiding the defective execution of a power; therefore it cannot validate a conveyance by an attorney in fact made in excess of his authority.

Multnomah County.   LOYAL B. STEARNS, Judge.

Plaintiffs appeal.   Affirmed.

*Geo. H. Williams ( C. E. S. Wood* on the brief), for Appellants.

*W. W. Thayer,* and *Edw. B. Watson ( Jas. F. Watson* on the brief), for Respondent.

In 1890 Samuel Coulter began actions of ejectment against several persons to recover possession of sundry parcels of land, and at the trial was defeated.   On appeal the judgments were reversed: *Coulter* v. *Portland Trust Co.* 20 Or. 469 (26 Pac. Rep. 565), because the authority given by a certain power of attorney in defendant's chain of title had been exceeded.   Before the cases came on for a second trial, the defendants in the several ejectment actions joined as plaintiffs and brought this suit in equity to restrain Coulter from prosecuting his actions at law, and for a decree that plaintiffs are the owners in fee of the land in controversy.   On a trial before John Catlin as referee, a decree was advised for defendant, which was accordingly entered by the trial court, and plaintiffs

appeal. For a full statement of the terms of the power of attorney and all the facts in the transaction, see 20 Or. 469 (26 Pac. Rep. 565).

BEAN, J.—1. The facts in this case for the purpose of this appeal are identical with those in *Coulter* v. *Portland Trust Co.* 20 Or. 469 (26 Pac. Rep. 565), and fully appear in that case as reported, and therefore need not be detailed here. The important question on this appeal is the same as in the former case, and is the proper construction of the power of attorney from Howard H. Palmer to his wife, Rhoda A. Palmer, and whether this power of attorney authorized her to convey the land in controversy to W. G. Jenne for the consideration and in the manner attempted. These questions were all fully argued by able counsel, orally and in elaborate briefs, in *Coulter* v. *Portland Trust Co.*, and this court held (Chief Justice STRAHAN delivering the opinion) that under the power of attorney and the facts in the case, the deed to Jenne was unauthorized and did not convey the title; and this decision was recognized as the settled law of this case by the learned referee and court below.

Counsel for appellants now earnestly insists, in an able and learned argument, that the decision in *Coulter* v. *Portland Trust Co.* ought to be revised, and many cogent reasons are suggested in support of this contention. If this was an open question on this appeal, we might feel induced, in view of counsel's argument, to carefully reexamine the question; but the law is well settled that a decision of this court upon a point distinctly made becomes, in all subsequent proceedings between the same parties, concerning the same subject matter, and upon the same facts, the law of the case by which we are bound whatever our views might be upon an original consideration of the matter: Wells Res. Ad. & St. D. chap. 44. "A previous ruling by the appellate court upon a point distinctly made," says Mr. Chief Justice FIELD, "may be only authority in other cases to be followed and

affirmed, or to be modified or overruled according to its intrinsic merits; but in the case in which it is made, it is more than authority: it is a final adjudication from the consequences of which the court cannot depart, nor the parties relieve themselves": *Phelan* v. *San Francisco,* 20 Cal. 39. So in *Stacey* v. *Vermont Central R. R. Co.* 32 Vt. 552, the law is thus stated by PIERPOINT, J.: "The question then is, will this court revise a former decision made by the same court in the same cause and on substantially the same state of facts. Such a decision presses itself upon the consideration of the court with a twofold force —*first,* as an authority, as though it was a decision made in any other case; *second,* as an adjudication between the same parties—not as one that is conclusive as a matter of law, for the court may revise and reverse it, but an adjudication that practically is to be regarded as having much the same effect. The rule has long been established in this state, often declared from the bench, and we believe uniformly adhered to, that in the same case this court will not revise or reverse their former decisions. It is urged (and the same argument is made in the case at bar), and there is force in the argument, that if there is error in the decision, and it is ever to be reversed, it should be done in the same court. Although this position may be sound in theory, as applicable to a single case, yet as a rule to be acted upon in all cases, it would lead to incalculable mischief. If all questions that have ever been determined by this court are to be regarded as still open for discussion and revision in the same cause, there would be no end to their litigation until the ability of the parties or the ingenuity of their counsel were exhausted. A rule that has been so long established and acted upon, and that is so important to the practical administration of justice in our courts, we think should not be departed from. And whatever views the different members of this court may entertain as to the soundness of the former decision, we all agree that the doctrine

there enunciated is to be regarded as the law of this case."

This question was presented to and considered by the supreme court of the United States in the case of *Washington Bridge Co.* v. *Stewart*, 3 How. 413; and although the question was the important one of jurisdiction, it was notwithstanding held that the former decision of the court in the same case was conclusive of the rights of the parties, and could not be reconsidered upon a second appeal,—such an appeal bringing under review only the proceedings of the circuit court subsequent to the mandate.   To the same effect are *Davidson* v. *Dallas*, 15 Cal. 75; *Huffman* v. *The State*, 30 Ala. 532; *Hawley* v. *Smith*, 45 Ind. 183; *Parker* v. *Pomeroy*, 2 Wis. 84; *Page* v. *Fowler*, 37 Cal. 100; *Thompson* v. *Ross*, 15 Md. 268.   This doctrine has been recognized and applied by this court in *Powell* v. *D. S. & G. R. R. Co.* 14 Or. 22, and *Applegate* v. *Dowell*, 17 Or. 299, in the latter of which STRAHAN, J., speaking for the court, said: "Upon the second trial, no new facts that were material were developed, and the court below simply applied the principles of law announced by this court to the facts as they appeared, which resulted in a decree for the plaintiff, from which the defendant has appealed.   Upon this appeal, we are not at liberty to depart from the law announced in the case on the previous appeal.   The decision then made became the law of the case, binding alike upon the court and the parties on any subsequent appeal."   Many other cases to the same effect might be cited, but those already noted are sufficient to show the uniformity with which courts adhere to the rule that a point once distinctly presented and decided by an appellate court becomes in all subsequent proceedings in the same case, the law of that case, binding upon both the courts and the parties.

2.   Nor does the fact that this is a proceeding in equity and the former decision was made in the law cases, avoid the effect of this rule: *Hawley* v. *Smith*, 45 Ind. 183.   This is but a continuance of the law case, and

is between the same parties, concerning the same subject matter, upon the same facts, and involves the construction of the same identical instruments, and we are aware of no different rule for the construction of written instruments at law and in equity, and unless a different rule is adopted, we are bound by the law of the case, as announced in *Coulter* v. *Portland Trust Co.* At both law and in equity, a writing is to be construed according to the intention of the parties, as gathered from the language used, in the light of surrounding circumstances. While the fact so earnestly urged by counsel for plaintiffs,—that the chief justice did not, in formulating the opinion on the former appeal, refer to or apparently notice what he conceived to be the strongest points in his case as then argued by him,—may or may not lessen the value of that opinion as authority in other cases, it does not impair the effect of the decision as the law of the case. It is the points distinctly presented and decided which become the law of the case, and the reasons or want of reasons for the decision are of no consequence on this appeal. The effect of the decision in *Coulter* v. *Portland Trust Co.* is that the deed from Mrs. Palmer, as attorney in fact for her husband, to W. G. Jenne, is void, and did not convey the title; and we have no alternative but to assume that all the reasons urged for a contrary conclusion were duly considered by the court, and adhere to that decision on this appeal. The case of *Curtis* v. *La Grande Water Co.* 20 Or. 34 (10 L. R. A. 484), cited by counsel for plaintiffs, does not support his contention as to the authority of this court to revise or reëxamine the decision in *Coulter* v. *Portland Trust Co.* In the Curtis case the modification of the first decision was made on a rehearing, under the rules of this court, which preserve for a stated time the right to litigants to apply for a rehearing, and of this court to correct any error into which it may have fallen. But no such application was made or opportunity given in the Coulter case, and the correctness of the decision was not formally questioned by the parties until this ap-

peal. It is now too late for us to depart from that decision, whatever views we may now entertain as to its soundness.

3.   We have been unable, after a diligent examination, to find any equity in this record entitling plaintiffs to relief in this suit. It was claimed by counsel that a court of equity should treat Mrs. Palmer as the equitable owner of the property because she was the daughter of Susan E. Jenne, through whom Palmer deraigned title; but the evidence shows, and about that there is no dispute, that Mrs. Jenne, in arranging for the partition of her land, expressly declared and intended that Mrs. Palmer should have no part thereof, and the deed was made to her son-in-law, Palmer, according to her express intention and desire. The land belonged to her, and she could dispose of it as she saw proper; and when it was conveyed to Palmer by her direction, with the intention on her part to give it to him, it vested the title in him as completely as if he had purchased and paid value for it, so far as this case is concerned.

4.   It is also claimed that the attempt of Mrs. Palmer to convey the land in suit to Jenne, was a mere defective execution of a power against which courts of equity will relieve. The rule is undisputed that if there be a defective execution, or attempt at execution, of a mere power, a court of equity will, in a proper case, interpose and supply the defect:. Story Eq. § 169. But this is not a defective execution of a power: it is an absolute want of power to do the thing intended, and the rule above stated cannot apply. The conveyance to Jenne, under the law of this case, was not authorized by the power of attorney, and was an invalid act to which a court of equity cannot give validity under the pretense of aiding the defective execution of a power.

It is further contended that plaintiffs are entitled to a decree in this case because defendants have not tendered or offered to tender to them the amount of money which Jenne paid to discharge the mortgage on the property at the time it was conveyed to him. But this fact can in no

way avail the plaintiff in this suit. Jenne, who paid the mortgage, is not a party, and under the effect of the decision in *Coulter* v. *Portland Trust Co.*, the payment of the mortgage cannot be treated as a payment of a part of the purchase price of the land, and therefore plaintiffs are not entitled to avail themselves of the equity, if any, existing in Jenne's favor, on account of the payment of the mortgage.

The decree of the court below is therefore affirmed.