Argued 5 March ; decided 31 March, 1902.

## STAGER *v.* TROY LAUNDRY COMPANY.

[68 Pac. 405.]

RES JUDICATA—EFFECT OF FORMER DECISION.

1. An appellate court will not on a second or subsequent appeal revise or reverse its former decisions in a given cause where the facts remain the same : *Portland Trust Co.* v. *Coulter,* 23 Or. 131, approved.

TRIAL—RIGHT TO DIRECT A VERDICT FOR DEFENDANT.*

2. The jury being the judges of the weight and value of evidence, the court cannot properly direct a verdict for defendant upon a contradiction between witnesses, however direct or comprehensive : *Huber* v. *Miller,* 41 Or. —, followed.

From Multnomah : ALFRED F. SEARS, JR., Judge.

Action by Barbara Stager against the Troy Laundry Co. From a judgment in favor of plaintiff, defendant appeals.

AFFIRMED.

For appellant there was a brief over the name of *Dolph, Mallory, Simon & Gearin,* with an oral argument by *Mr. John M. Gearin.*

For respondent there was a brief and an oral argument by *Mr. Henry E. McGinn.*

MR. JUSTICE WOLVERTON delivered the opinion.

This is an appeal from a second judgment against defendant in this cause, and the principal error relied upon for a reversal is the court's refusal to instruct the jury to return a verdict for the defendant, after both parties had rested. There was a motion for a nonsuit at the close of plaintiff's testimony, which was overruled, and error is also assigned as to that. We will dispose of the two questions thus raised in the inverse order of their statement.

1. It is practically conceded by counsel for both parties that

*NOTE.—As to the right of a trial judge to direct a verdict for plaintiff, see *Shobert* v. *May,* 40 Or. 68 (55 L. R. A. 810).—REPORTER.

the evidence adduced at the trial, up to the time of the inter-
position of the motion for a nonsuit, is, in all material respects,
the same as that adduced up to the time of making a like mo-
tion at the former trial.   We have, therefore, the identical
question presented on this appeal that was contested and dis-
posed of on the former: *Stager* v. *Troy Laundry Co.* 38 Or.
480 (63 Pac. 645, 53 L. R. A. 459).   We then concluded, after
a careful inspection of the evidence, that the nonsuit was prop-
erly denied by the trial court.   That view of the question has
become the law of the case, and it is not subject to review on a
second appeal.   The rule has long been established, and is uni-
formly adhered to, that an appellate court will not revise or
reverse its former decisions made in the same cause, and upon
the same state of facts, and this for two reasons:   (1) They
stand as precedents and authority, as if made in any other case
upon a like state of facts; and (2) as adjudications between
the same parties.   The policy of the law and the practical ad-
ministration of justice require that there should be an end of
litigation, and the rule has grown up to meet this requirement.
If parties were permitted to present the same issues in the
same case as often as they feel aggrieved by the result, litiga-
tion would descend into a contest of perseverance and persist-
ence, rather than of legal rights, and it could not be brought to
a determination so long as human ingenuity could prevent it.
The rule has repeatedly received the sanction of this court
(*Powell* v. *Dayton, S. & G. R. R. Co.* 14 Or. 22, 12 Pac. 83; *Ap-
plegate* v. *Dowell,* 17 Or. 299, 20 Pac. 429; *Portland Trust Co.*
v. *Coulter,* 23 Or. 131, 31 Pac. 280), and disposes of the conten-
tion for a nonsuit.

2. Now as to the motion for a direction to the jury to return
a verdict for the defendant.   The plaintiff having made a case
in the first instance sufficient to go to the jury, it will not be
taken away from them later, or at the close of the case on a
motion to direct a verdict, where the evidence is merely con-
tradictory or conflicting, as the jury are the judges of the
weight of the evidence and must declare as to the preponder-
ance thereof; and the question as to whether the evidence is

legally sufficient to be submitted to them remains the same as if it was raised by a motion for a nonsuit, either at the close of the plaintiff's testimony or of the case. Like a motion for a nonsuit, or a demurrer to the evidence, it admits everything to be true that the testimony legally tends to prove, ascribing to every statement of fact in evidence absolute credence; so that if there is testimony in the case from which the jury can, by application of intelligent and reasonable deduction, fairly and legitimately infer the fact in issue, the jury are to determine the matter, notwithstanding other evidence may have been adduced in direct conflict therewith. This question is fully discussed, and the authorities touching it examined, in *Huber* v. *Miller*, 41 Or. —— (54 Cent. Law Jour. 429, 68 Pac. 400), with the result here stated. It is unnecessary, therefore, to examine the matter upon authority at this time.

The pivotal question of fact in the case was whether defendant had been negligent in the adjustment of the guard plate or rail intended for the protection of the operator in feeding fabrics to the mangle. It was its duty, as was said in the former opinion, to see that this guard plate was properly adjusted, because it was incumbent upon the company to furnish its servants and employes with a reasonably safe place to work in, and reasonably safe machinery, tools, and appliances to work with; and its liability depends upon whether it exercised reasonable care and precaution to guard against the danger of accident. The want of such care and precaution would be an act of negligence, and the question in the case at bar is resolved to the issue whether the defendant was remiss; that is, negligent in the proper adjustment of the plate. As there was evidence adduced by plaintiff sufficient upon which to carry the case to the jury, it devolved upon the defendant to show by competent testimony that it was not negligent in the particular complained of, and, if it had succeeded in this, it should have been exonerated. Plaintiff's evidence tended to show that this guard plate was adjusted an inch and a half above the table used in connection with the mangle, and that this was an improper and dangerous adjustment, and contributed to the in-

jury which plaintiff sustained. To overcome this testimony, defendant produced evidence showing that it purchased the mangle and had it set in place on the 2d or 3d of May, prior to the accident, which occurred on the 14th, that the manufacturer sent, with the machinery, at the special request of the defendant, a man skilled in its mechanism and workings, who set it up and adjusted it in every particular, and thoroughly instructed the managers of the defendant respecting the handling, adjusting, and management thereof, so that they were fully competent and qualified to have charge of and supervise its operation. It further gave evidence tending to show that the plate was adjusted by an agent at a height of three fourths of an inch above the table; that it was once removed by one of the managers at the request of some of the operators, but by the direction of another of the managers was carefully readjusted at the same place and in the same manner as placed by the agent of the company from which it purchased. Mr. Sherman, who did the adjusting, says it was put back in "exactly the same place." Mr. Tait, another of the managers, says it was put in "a similar position, in the same place."

Now counsel insist that, having availed itself of a skilled and competent machinist and expert to adjust the machinery, and having shown that the adjustment was in the same condition as placed by the expert when the accident occurred, it had exercised due care and precaution in the premises, and that the court should have held, as a matter of law, that it was not liable. If it be conceded that the procuring of the adjustment of the guard plate by a person properly skilled in the mechanism and operation of the machine, and the maintenance of the adjustment in the same place, was the exercise of reasonable care and precaution sufficient to exonerate the defendant from liability, the defendant is not yet extricated or absolved from the difficulty. The testimony adduced by the defendant was effective only to produce a conflict in the evidence as to the height of the rail at the time of the accident, and its own instrumentality in such adjustment. The evidence of the defendant was not such as the jury were bound to credit abso-

lutely, as against other testimony producing conviction in their minds. There had been a readjustment of the guard, and the simple inquiry might have been whether it had been replaced as adjusted in the first instance; and upon this there was a decided conflict of the evidence. Plaintiff's evidence has a strong tendency to refute this idea, while that of the defendant strongly supports it; so there was a question of fact most pertinent for the jury's determination. The real question, as we have said, was as to the height and proper adjustment of the guard rail at the time of the accident, and whether defendant's instrumentality in causing it to be in the position in which it was found at the time was an act of negligence in not exercising reasonable foresight and precaution; and of this the jury were the judges under the testimony, and not the court.

There were some instructions requested by defendant, which were refused, and it is urged that the trial court erred in not giving them to the jury. The chief ground upon which the error is predicated is that the general charge, to which no exceptions were saved, is not sufficiently explicit. After a careful examination of the situation, we are satisfied that the instructions given fully and intelligently stated the law applicable thereto, and the jury must certainly have understood them.

AFFIRMED.

Decided 7 April, 1902.