Argued 22 October, decided 16 November, 1903.

**SING ON *v.* BROWN.**

[74 Pac. 207.]

COMPROMISE AND SETTLEMENT.

Under the general rule favoring voluntary settlements between disputing parties, the fact of settlement being a sufficient consideration to support the contract, a compromise of a dispute over the life of a certain lease by destroying the old one and executing a new lease, both parties being advised as to their rights, and no fraud or concealment intervening, cannot be avoided in equity.

From Polk : REUBEN P. BOISE, Judge.

Suit by Sing On against Jacob and C. E. Brown, in which there was a decree for defendants.    AFFIRMED.

For appellant there was a brief over the names of *William M. Kaiser*, *Woodson T. Slater*, and *Oscar Hayter*, with an oral argument by *Mr. Slater.*

For respondent there was a brief and an oral argument by *Mr. N. L. Butler* and *Edw. F. Coad.*

MR. JUSTICE BEAN delivered the opinion.

This is a suit to cancel and set aside a lease from the defendant C. E. Brown to the plaintiff of a hop yard for one year, and to reinstate a lease thereof from the defendant Jacob Brown for five years. In February, 1901, Jacob Brown, being the owner of the yard in question, leased it to one Pon Lee for five years at an annual rental of $10 an acre, payable on the 1st day of March of each year. The lease contained a stipulation that it should be void, except for the year for which the rent had already been

paid, in case Brown should "sell or otherwise transfer," the hop yard. Shortly after making the lease, Pon Leé, with the consent of Brown, transferred his interest to the plaintiff, who entered into possession of the premises, and harvested the hop crop of 1901. On December 23d of that year, Jacob Brown, the lessor, conveyed the land upon which the hop yard was located to his son, the defendant C. E. Brown, for an expressed consideration of $1,500, to secure the payment of which the son executed and delivered to his father a promissory note secured by a mortgage on the premises. A short time thereafter the son notified the plaintiff of the sale, and demanded possession, which the plaintiff refused, and consulted an attorney as to his rights in the premises, who, after an investigation, advised him to compromise the controversy by the surrender of possession after another year. The plaintiff and the defendants, with their respective attorneys, met on February 28, 1902, by agreement, for the purpose of settling and adjusting the dispute between them, and as a result, the old lease from Jacob Brown was canceled and destroyed, and a new one made by C. E. Brown to the plaintiff for the season of 1902. At the expiration of the latter lease the plaintiff again refused to surrender the possession of the premises, and brought this suit to set aside the agreement of settlement on the ground that the pretended sale from the defendant Jacob Brown to his son was not made in good faith, but was a mere scheme and subterfuge to terminate the original lease, of which he was ignorant at the time he entered into the compromise agreement.

The law favors the voluntary settlement by parties of their disputes and controversies without litigation, and therefore the compromise of an honest dispute is universally upheld and enforced without inquiry as to the merits of the original contentions of the respective parties. The

settlement alone constitutes a sufficient consideration to
uphold the compromise or contract: *Smith* v. *Farra*, 21
Or. 395 (28 Pac. 241, 20 L. R. A. 115); *McGlynn* v. *Scott*,
4 N. D. 18 (58 N. W. 460). There is not sufficient evidence
of fraud or concealment in this case to avoid the settlement
of the controversy between the parties as to whether the
lease from Jacob Brown to Pon Lee was terminated by the
sale or pretended sale of the property to C. E. Brown. This
question had been subject to dispute between the parties
for some time, and the plaintiff, acting upon the advice of
his attorney, was willing to compromise and settle it by
accepting the lease for one additional year. In making
such settlement the parties dealt at arm's length, both being
represented by attorneys, who advised and recommended
the same. Both defendants testify that the sale in ques-
tion was made in good faith, and not for the purpose of
avoiding the lease to the plaintiff. The elder Brown says
that the only motive in making the transfer was to aid and
assist his son; that the hop yard had run down, and he
had concluded to sell it; that he had propositions from
other parties, but preferred to let his son have the prop-
erty; and that the transaction was in entire good faith.
There are, it is true, some facts and circumstances sur-
rounding the transaction and the situation of the parties
which tend with more or less cogency to a different con-
clusion, and, if the good faith of the sale was the sole ques-
tion for determination, we might hesitate to uphold it.
The validity of the compromise agreement is, however, the
question for consideration. There was, so far as appears,
an honest difference between the parties as to the effect of
the sale of the property by Jacob Brown to his son. The
plaintiff insisted and contended that such sale did not ter-
minate the lease to him, and the defendants assumed a
contrary position. To settle this controversy and dispute
was the object and purpose of the compromise agreement,

and, it having been voluntarily entered into, is binding on the parties. The plaintiff and his counsel had practically as much knowledge regarding the *bona fides* of the sale before and at the time of the alleged settlement as they have now, unless greater weight than they are entitled to is to be given some alleged statements of C. E. Brown, made about a year after the sale, that it was made for the purpose of "beating" the plaintiff out of his lease. Brown denies making these statements, and, even if made, they are entitled to but little weight as testimony. They are alleged to have been made during a controversy or discussion between Brown and some employés of the plaintiff concerning plaintiff's right to the possession of the hop yard, and were probably made, if at all, in a boasting spirit, rather than as a statement of the actual facts. In our opinion, the compromise agreement, having been voluntarily entered into, is binding on the plaintiff, and the decree of the court below will be affirmed. AFFIRMED.