Argued 13 February, decided 26 March, 1907.

**BAINES *v*. COOS BAY NAVIGATION CO.**

89 Pac. 371.

VALIDITY OF COMPROMISE AGREEMENT—CONSIDERATION FOR NOTE.

1. Under the general rule that voluntary compromise settlements of disputed claims will be sustained where they are made with mutual knowledge of the facts, and in good faith to avoid litigation, a court will not inquire into the validity of a lien to avoid the foreclosure of which the president and general manager of the corporation against which it was filed gave the corporate note. The note being for less than the sum claimed, and the lien having been released, there was a sufficient consideration.

APPEAL—SUBSEQUENT APPEALS—LAW OF CASE.

2. Where the testimony on an issue is substantially the same as that given at a former trial, the conclusion reached in regard to it on such former trial is the law of the case.

3. In an action on notes of a corporation, entries in the company's book of bills payable as to the notes, which were made after the notes were executed, and by a person who did not appear as a witness, were not admissible to affect their validity if the payee had no knowledge of the entries and had not assented to them, although alluded to in testimony taken at a former trial and read by plaintiff.

TRIAL—UNANSWERED QUESTION—STATEMENT OF EXPECTED ANSWER.

4. Where the form of a question to which objection is made does not disclose the answer expected, and no statement on that point is made by counsel, the action of the court in sustaining such objection is not reviewable, since no error appears in the record.

INSTRUCTIONS—REQUESTS—GENERAL CHARGE.

5. Refusal to give requested instructions is not error where the law applicable to the facts involved is given fully in the general charge.

From Coos: JAMES W. HAMILTON, Judge.

Action by W. E. Baines (W. U. Douglas, administrator, substituted) against the Coos Bay, Roseburg & Eastern Railroad & Navigation Co. and others. Judgment for plaintiff, and defendant railroad and navigation company appeals.

AFFIRMED.

For appellant there was a brief over the names of *Coke & Seabrook* and *Williams, Wood & Linthicum,* with an oral argument by *Mr. John Couch Flanders.*

For respondent there was a brief with oral arguments by *Mr. Edward Byers Watson* and *Mr. Thomas Sumner Minot.*

MR. JUSTICE MOORE delivered the opinion of the court.

This is an appeal by the defendant the Coos Bay, Roseburg & Eastern Railroad & Navigation Co., a corporation, from a judgment rendered against it and one R. A. Graham in favor of W. E. Baines for $11,432.33, the amount of two promissory notes, and the further sum of $1,000 as attorney's fees. After the appeal was perfected, Baines died, and W. U. Douglas, the administrator of the decedent's estate in Oregon, was, by order of court, substituted as palintiff. The facts involved are detailed in a former opinion of this court: *Baines* v. *Coos Bay Nav. Co.* 41 Or. 135 (68 Pac. 397).

1. It is contended by appellant's counsel that an error was

committed in denying their request for a directed verdict in favor of their client, based on the grounds that the testimony introduced at the trial failed to show that any consideration existed for the giving of the notes sued upon, or that the defendant Graham was authorized to execute such instruments on behalf of the railroad company. Considering these legal principles in the order in which they are stated, the bill of exceptions shows that Baines, on April 3, 1894, to secure the payment of $12,750, which sum he claimed to be due him for labor performed for the corporation, filed against its property a lien, and was about to begin a suit for the foreclosure thereof, to prevent which Graham, the general manager of the company and the legal owner of all its capital stock, except six shares that had been delivered to the several directors of the corporation to hold in trust for him, compromised the claim, April 18, 1894, by executing to Baines, on its behalf, two promissory notes of $4,000 each, payable in 12 and 18 months, respectively, and guaranteed the payment thereof. It is argued that the pretended lien contained a lumping demand, including items for which the statute imposes no charge on specific property, and, this being so, no consideration existed for the making of the notes. A copy of the lien notice mentioned was offered in evidence, but whether or not it is subject to the objection now insisted upon is not deemed necessary to a decision herein, for the claim evidently represented what Baines and Graham believed to be a valid demand against the corporation, and could be enforced by a suit instituted for that purpose.

The law, in order to promote the peace of society, encourages the voluntary settlement of claims that are doubtful, when made in good faith, with a full disclosure of all the facts, and with reasonable grounds of belief that the validity of the demand could be sustained in an action or a suit instituted for that purpose, and such adjustment, when consummated by the parties, will not be disturbed for ordinary mistakes of law or fact, though the agreement may not have been what a court would have adjudged, if the matter had been regularly submitted to and

decided by it: 8 Cyc. 505; *Wells* v. *Neff,* 14 Or. 66 (12 Pac. 84, 88) ; *Smith* v. *Farra,* 21 Or. 395 (28 Pac. 241: 20 L. R. A. 115) ; *Sing On* v. *Brown,* 44 Or. 11 (74 Pac. 207). The compromise adverted to afforded a sufficient consideration for the giving of the notes in settlement of the claim that was filed as a lien.

2. The implied right of Graham to execute on behalf of the corporation promissory notes in settling urgent demands against it has heretofore been considered in giving an instruction to find for the defendant on the ground that the evidence as to his authority was insufficient to submit the cause to the jury (*Baines* v. *Coos Bay Nav. Co.* 45 Or. 307: 77 Pac. 400), and as the testimony admitted at the trial herein, on this branch of the inquiry, is substantially the same as that given at the former hearing, the conclusion there reached has become the law of the case: *Thompson* v. *Hawley,* 16 Or. 251 (19 Pac. 84) ; *Applegate* v. *Dowell,* 17 Or. 299 (20 Pac. 429) ; *Kane* v. *Rippey,* 22 Or. 296 (23 Pac. 180) ; *Portland Trust Co.* v. *Coulter,* 23 Or. 131 (31 Pac. 280) ; *Stager* v. *Troy Laundry Co.* 41 Or. 141 (68 Pac. 405).

3. F. A. Laise, a bookkeeper, testified, as a witness for the corporation, that he was employed by it and had in his possession its book of bills payable, showing what promissory notes had been issued by it, whereupon pages 1 and 2 thereof were offered in evidence. An objection thereto having been made on the ground that the writing referred to was irrelevant and immaterial, the defendants' counsel stated that the pages mentioned related to the notes specified in the complaint, and also to two drafts of $2,000 each, which, considered in connection with Baines' testimony respecting a promissory note for $2,715.02, executed to him by Graham, disclosed the manner in which the corporation treated such commercial paper. Baines' counsel further objected on the ground that the evidence offered was incompetent, and that no testimony had been introduced tending to show that their client had any knowledge of the entries mentioned or that he had assented thereto, which objection having

been sustained, an exception was reserved. The evidence so offered is not specified in the bill of exceptions with such particularity as to enable us to identify the pages with certainty, but we understand them to be indicated as "Defendants' Exhibit H," which relates to the settlement of the alleged lien, shows the execution of the notes set out in the complaint, and the drawing of two bills of exchange on the First National Bank of Roseburg in favor of Baines for $2,000 each, payable in four and six months, respectively, which latter drafts he testified were given him in payment of an account against Graham individually. The exhibit offered contains entries which purport to have been made in May, 1894, to the effect that the notes specified, which are dated April 18 of that year, were not negotiable, should not be hypothecated, and would become void if. the bonds of the corporation were not sold in a year; that the bills of exchange were to be paid; states that the settlement of Baines' claim of $12,000 extinguished a note of $2,715.02 and a voucher for $553.03, and also contains the following memorandum: "Originally $11,888.20, Jany. 27, 1892." The object sought to be accomplished by the introduction in evidence of the pages mentioned was to show, if possible, that Baines' alleged lien was a demand against Graham only, which, without any authority therefor from the corporation, he settled by giving what purported to be its negotiable paper. The bookkeeper who identified the corporation's book of bills payable did not enter the statements adverted to, and as they purport to have been made after the execution of the notes sued upon, if the validity of the commercial paper was thus attempted to be impaired, Baines would not be affected thereby, unless he had knowledge of the entries and assented thereto, which fact is denied in the objection interposed, in sustaining which no error was. committed.

4. The bookkeeper, referring to other books of the corporation, further testified that, though the entries noted therein were primarily railroad accounts, they contained memoranda of the business transacted by Graham and also by the Beaver Hill-

Coal Co., a corporation, stating that such records disclosed that the cash accounts of the parties named had been commingled. He was then directed by defendant's counsel as follows:

"You may state from those books what payments appear there to have been made on the notes in question, Mr. Laise."

To which he replied:

"On cashbook, folio 67, there appears an entry of July 17, 1895, Check No. 638 was paid to Mr. Baines, amount $500, to apply on twelve months' note of $4,000.

Q. From the entry in this cashbook or from the books of account, as they were then, is there any way a bookkeeper can ascertain whose funds made that payment?"

An objection to the question, on the ground that it was irrelevant and incompetent, having been sustained, an exception was allowed, and it is contended by defendants' counsel that an error was thus committed. No statement appears in the bill of exceptions as to what answer was reasonably expected from the witness in response to the question asked. If the bookkeeper could have testified that it was Graham's money which was used to make the payment on Baines' note, it was incumbent on defendants' counsel to make a statement to that effect to the court, because the form of the question does not disclose the answer which might be expected: *State* v. *Savage,* 36 Or. 191, 209 (60 Pac. 610, 61 Pac. 1128). If, however, Laise could not have said, from an inspection of the books, whose money was used for the purpose indicated, and it was desired by such means to contradict any testimony that had been given by Baines as to the party making the payment which had been indorsed on one of his notes, a statement to that effect was also necessary for the reason specified, if it be assumed that such negative testimony could be used to controvert the positive declaration of a witness. In the absence of a statement of the testimony reasonably to be expected from the witness in answer to the question asked, no error was committed as alleged.

Baines' counsel, without objection, read to the jury the testimony of F. J. De Neveu, given at a former trial of this cause,

from which it appeared that Exhibit H, hereinbefore considered, was in the handwriting of one J. B. Hassett, and, though alluded to by the witness, all reference thereto was omitted from his testimony. The defendants' counsel thereupon offered the exhibit in evidence, stating that it tended to support the allegations of the answer and showed the dealings between Baines and Graham, but, the exhibit having been excluded, an exception was allowed, and it is claimed that the action of the court in this respect was erroneous. Though the exhibit constituted a part of the evidence read to the jury, it was evidently not made at the time Baines' notes were executed, nor by any person who appeared as a witness so he could have explained the memoranda, and as the writing may have been subsequently prepared to defeat a recovery on the notes, and it did not appear that Baines had knowledge thereof or assented thereto at any time, we do not think any error was committed in excluding such evidence.

An exception was saved to the court's refusal to give the following instruction:

"If you find the consideration of the execution of the notes in question was the cancellation of the mechanic's lien which plaintiff had filed on the railroad of the defendant, your verdict must be for the defendant, as the lien so filed by plaintiff was invalid, and was not a charge or incumbrance upon the property of the defendant."

It is maintained by appellant's counsel that an error was committed in this respect. What has heretofore been said in relation to the consideration of the notes sued upon is decisive of the question here presented, for, though the alleged lien may have been invalid, if a full disclosure of all the facts involved was made and the parties honestly believed that the claim could have been sustained in a suit to foreclose the lien, the settlement reached cannot be disturbed, and, as the instruction requested did not contain any of these conditions, no error was committed in refusing to give it.

5. Exceptions were taken by defendants' counsel to the court's refusal to give two other instructions which they requested, but,

as the general charge fully explained to the jury the law applicable to the facts involved, we think no error was committed as alleged.

It follows from these considerations that the judgment should be affirmed, and it is so ordered.                    AFFIRMED.