Argued May 7, modified and remanded May 29, rehearing denied July 3, 1917.

## SEAWEARD v. FIRST NAT. BANK.

### (165 Pac. 232.)

**Mortgages—Foreclosure—Judgment—Conclusiveness.**

1. Where, in a suit to foreclose a conveyance treated as a mortgage, the Supreme Court decreed strict foreclosure, to be avoided upon payment of the amount due within 90 days, defendants did not lose their right to recover rents and profits collected by the mortgagee pending the appeal by failing to apply to the trial court when the mandate was sent down to have the amount of such rents and profits credited on the sum to be paid for redemption, as the determination of that issue would have been equivalent to the institution of an action at law, and the defendants, having only 90 days within which to redeem, were not required to speculate upon the trial of such issue.

**Judgment—Pleading Former Adjudication—Sufficiency.**

2. In a suit to foreclose a conveyance treated as a mortgage, the judgment was modified on appeal so as to deny attorney's fees. Thereafter the mortgagor's assignee sued to recover rents and profits collected by the mortgagee pending the appeal, and the mortgagee pleaded the decree in the foreclosure suit in bar, setting forth copies of the pleadings, decree, mandate, etc., as exhibits. By way of recoupment and counterclaim the mortgagee sought to recover attorney's fees and certain other expenses. The reply alleged that the question whether defendant was entitled to recover the sum so claimed ought to have been litigated in the former action, and referred to the exhibits attached to the answer, thereby making such exhibits a part thereof and alleged that by reason of such adjudication defendant was estopped from claiming such sums. *Held*, that the reply was sufficient in details to present the question of former adjudication.

**Judgment—Conclusiveness—Persons Concluded.**

3. A judgment or decree is conclusive, not only on those who are parties to the action or suit, but also on all persons in privity with them.

[As to the conclusiveness of a judgment upon persons not parties to the action, see note in 2 Am. St. Rep. 876.]

Judgment—Conclusiveness—Identity of Causes.

4.   The test of identity of causes as bearing upon the question of *res judicata* is the identity of the facts essential to their maintenance.

Judgment—Conclusiveness—Parties Concluded.

5.   Where, in a mortgage foreclosure suit, attorney's fees were denied on appeal, the judgment was conclusive in a subsequent action by the mortgagor's assignee against the mortgagee in which the mortgagee counterclaimed for and sought to offset such attorney's fees, and no sum could be allowed or offset for such fees.

Pledges—Care of Property—Reimbursement.

6.   Mortgagees assigned the mortgage and secured notes to a bank as collateral security for a debt.   The mortgagors were unable to pay and conveyed the land to the bank, taking an option to repurchase, which they did not exercise.   The bank canceled the notes and mortgage and surrendered them.   An option to repurchase was subsequently given the mortgagees, who failed to exercise it, and the bank foreclosed, treating the conveyance to it as a mortgage. The bank had taken possession of the land and received the rents, issues, and profits, and the mortgagees sued to recover rents and profits received subsequent to the decree in the foreclosure suit. *Held*, that the bank was entitled to an allowance of sums paid by it in caring for and superintending the management of the farm under the general rule that a trustee, though not entitled to compensation for services performed personally in discharging the trust, may recover the reasonable value of services of others employed by him.

From Malheur: DALTON BIGGS, Judge.

In Banc.   Statement by MR. JUSTICE MOORE.

This is an action by J. H. Seaweard against the First National Bank of Ontario, Oregon, a corporation, to recover $2,614.16 as money had and received to the use of T. M. Seaweard and E. F. Seaweard, partners as Seaweard Brothers, which claim is alleged to have been assigned to the plaintiff.   This action is a continuation of the suit of the *First National Bank* v. *Seaweard*, 78 Or. 567 (152 Pac. 883).   The facts there set forth and here involved are to the effect that about January 1, 1911, T. M. Seaweard and E. F. Seaweard sold and conveyed a farm in Malheur County, Oregon, to Emil E. Dean, Earl M. Dean, and A. M. Johnston, who as part consideration therefor gave the vendors four promissory notes of $5,000 each, and secured the

payment thereof by a mortgage of the farm. T. M. Seaweard and E. F. Seaweard, on February 14, 1913, were indebted to the defendant herein on their matured promissory notes in the sum of $14,437.23, to secure which they assigned as collateral and pledged to an officer of the bank the notes for $20,000 and the mortgage securing them. Being unable to pay the matured installments of these obligations the makers thereof and their wives, on February 21, 1913, executed a deed of the farm to an officer of the bank, who took the title in trust for his principal and gave the vendors last named an option to repurchase the land on or before May 24th of that year by paying the amount of the notes for $20,000, together with the taxes and other expenses which the bank might incur in operating the farm, whereupon the four notes were marked ''Paid,'' the mortgage canceled, and these instruments surrendered to the makers. The officers of the bank then took possession of the farm with the right to receive the rents, issues, and profits thereof. The option referred to not having been exercised the officers of the bank executed to T. M. Seaweard and E. F. Seaweard an option to repurchase the farm on or before November 1, 1913, upon the payment of their indebtedness to the bank, the taxes, and the expenses of keeping the premises in repair. The latter option not having been exercised the bank commenced a suit against T. M. Seaweard, E. F. Seaweard, Emil E. Dean, Earl M. Dean, and A. M. Johnston, and the wife of each, treating the conveyance of the farm to an officer of the bank as a mortgage, alleging that such transfer was made pursuant to an agreement with T. M. Seaweard and E. F. Seaweard, setting forth the latters' matured promissory notes, which stipulated for the payment of a reasonable sum as attorney's fees in case suit or

action was instituted to collect any part thereof, and praying a foreclosure of the lien created by the deed to an officer of the bank. The answer of T. M. Seaweard and E. F. Seaweard denied that such conveyance was executed with their consent, and for a further defense alleged substantially that the notes for $20,-000 and the mortgage securing them were pledged as collateral to the bank, which converted them to its own use, thereby becoming liable for the payment of such obligations, less, however, the indebtedness of T. M. Seaweard and E. F. Seaweard to the bank, aggregating $15,485.72, which sum was tendered in satisfaction of their matured notes but upon condition that the bank deliver to them the notes for $20,000 and the mortgage securing them, which, it will be remembered, had been surrendered to the makers. The reply controverted the allegations of new matter in the answer, and the cause being at issue was tried resulting in a decree as prayed for in that complaint awarding to the bank a recovery of its indebtedness against T. M. Seaweard and E. F. Seaweard and $1,500 as attorney's fees provided for in their promissory notes, and they appealed. After a trial in this court that decree was modified by disallowing any sum as attorney's fees and ordering that unless within 90 days from the entry of the mandate in the lower court T. M. Seaweard and E. F. Seaweard paid to the bank the amount of their indebtedness to it, less $15,485.72, the sum so tendered, and $334.24, which had been obtained by the officers of the bank in operating the farm, the lien of the deed of the premises should be foreclosed, but in case such payment was made a deed should be executed by the holder of the legal title to T. M. Seaweard and E. F. Seaweard: *First Nat. Bank* v. *Seaweard,* 78 Or. 567 (152 Pac. 883). The amount so specified was paid

within the time limited, whereupon a demand was made upon the bank for the payment of $2,614.16, which sum it had received in the year 1915 and during the pendency of the appeal, as rents, issues, and profits of the farm. Upon a refusal to pay any part of that sum this action was instituted.

The answer herein denies the material averments of the complaint, sets forth the facts hereinbefore stated, and for a further defense and by way of counterclaim alleges, in effect, that in operating the farm during the year 1915 the bank was entitled to $78.42 for caring for the premises; that it had paid out $212.15 for taxes, repairs, etc.; that in the suit to foreclose the lien the bank had been obliged to employ attorneys, to whom it paid $1,500, and had also disbursed the further sum of $350.05 as expenses incurred in that suit, the prosecution of which was necessitated by the failure and refusal of T. M. Seaweard and E. F. Seaweard to pay their indebtedness to the defendant, all of which facts the plaintiff knew when he took an assignment of the claim here sued upon. For a second defense and by way of offset the facts hereinbefore detailed are substantially repeated, and it is averred, in effect, that in the decree foreclosing the lien all accounts between T. M. Seaweard and E. F. Seaweard and the bank were considered and finally determined, and the decree rendered in that suit bars the maintenance of this action, setting forth copies of the pleadings, decree, mandate, etc., therein, and making them a part of the answer, designated as exhibits "A," "B," "C," "D," and "E." For a third defense and by way of recoupment the facts hereinbefore specified are reiterated, and it is alleged generally that at all the time the possession of the farm was held by the bank it was entitled to $78.42 for caring for the premises;

that it paid out $212.15 as taxes and for repairs, etc.; that in the suit to foreclose the lien the bank was compelled to pay $1,500 as attorney's fees and also to disburse $350.05 as expenses in prosecuting that suit, amounting to $2,140.62, which outlay could have been avoided if T. M. Seaweard and E. F. Seaweard had paid their obligations to the banks, and that all such facts were known to the plaintiff when he took an assignment of the claim referred to.

The reply put in issue all the averments of new matter in the answer, except the payment of $212.15 for taxes, etc., for which sum it is admitted a credit should be allowed. The reply in referring to the exhibits set forth in the answer contains a paragraph, the material part of which reads:

"Plaintiff admits that said defendant paid out the sum of $1,500 for attorney fees, and the sum of $350.05 for court costs, filing fees, transcript, taking of testimony, printing bills and other incidental expenses of said litigation in said Bank-Seaweard case, all of which are the same sums referred to in defendant's first answer and defense, and denies that by reason of acts therein complained of, defendant was damaged in the sum of $1,850.05, or any other sum whatsoever, and alleges that the question whether or not the defendant was entitled to recover said sum of $1,500 for attorney fees or any part thereof, and said sum of $350.05 or any part thereof, was and ought to have been litigated in said Bank-Seaweard case, and the plaintiff hereby refers to exhibits 'A,' 'B,' 'C,' 'D,' and 'E' attached to the said affirmative answer and defense of defendant to plaintiff's complaint, and hereby makes said exhibits and each thereof a part hereof, and alleges that by reason of said adjudication defendant is and ought to be precluded and estopped from alleging or claiming any sums whatsoever as attorney fees and costs by reason of said litigation in said Bank-Seaweard case."

Based on these issues this case was tried, without the intervention of a jury, upon an agreed statement of facts, from which the court deduced conclusions of law to the effect that the plaintiff was entitled to recover from the defendant $2,614.16, the sum received by it in the year 1915 as rents, issues, and profits of the farm, against which the defendant was entitled to offset and recoup $1,500 as attorney's fees incurred in prosecuting the foreclosure suit, $212.15 paid out for taxes, repairs, etc., and $78.42 as compensation for caring for the farm, and that the defendant was entitled to the remainder with interest thereon from November 12, 1915. A judgment having been rendered in accordance with these findings, each party separately appeals.    MODIFIED AND REMANDED.

For plaintiff-appellant there was a brief over the names of *Mr. Ralph W. Swagler* and *Mr. William H. Brooke,* with an oral argument by *Mr. Swagler.*

For defendant and cross-appellant there was a brief over the name of *Messrs. McCulloch & Wood,* with an oral argument by *Mr. Wells W. Wood.*

MR. JUSTICE MOORE delivered the opinion of the court.

1. It is maintained by defendant's counsel that when the mandate in the foreclosure suit was sent down an opportunity was presented to contest in the lower court the right of the bank to retain the sum of money which it had received as rents, issues, and profits of the farm in the year 1915, pending the appeal; but no advantage having been taken of that fitting occasion, and such fact having been set forth in the answer herein as a bar to a recovery, an error was committed in awarding

any part of that sum to the plaintiff. The decree in
that suit having been for a strict foreclosure, to be
avoided, however, upon the payment within 90 days
from the entry in the lower court of our mandate
of the amount due the defendant from T. M. Seaweard
and E. F. Seaweard, it is possible that upon their ap-
plication the time might have been enlarged and the
decree opened so as to allow them to show, in case
there was no conflict in respect thereto, the sum which
was so received as rents and profits. Such leniency
is not generally indulged and the party seeking re-
demption under a decree of that kind is required to
pay the specified sum of money within the time limited:
2 Wiltsie, Mort. Foreclosure, § 977. In the case at bar
a controversy existed as to the credits to which the
defendant claimed it was entitled and should withhold
from the money which it had received. This sum, it
will be remembered, was obtained after the appeal
was taken in the foreclosure suit, and for that reason
the accounting therefor could not have been heard or
determined in the trial of that cause unless it had
been sent back for that purpose. The entry of our
mandate in the lower court was tantamount to an ex-
ercise of a ministerial duty, and while possibly the de-
cree might there have been opened for the purpose
of crediting on account of the sum to be paid for re-
demption the money received as rents and profits pend-
ing the appeal, a dispute in respect to the remainder,
if any, so to be applied existed, and the determination
of that issue, would have been equivalent to the insti-
tution, as in this instance, of an action at law to recover
money had and received to the use of T. M. Seaweard
and E. F. Seaweard, the plaintiff's assignors. Such a
remedy, though equitable in character, could not have
been tried in a court of equity to which the case of the

*First National Bank* v. *Seaweard,* 78 Or. 567 (152 Pac. 883), pertained, unless such cause had been remanded for that purpose. Aside from this as the plaintiff was allowed only 90 days after the entry of the mandate within which to redeem the real property from the decree of a strict foreclosure he could not well afford to take the chances of speculating upon a trial of the issue in an action at law as to the amount of credit to which he was justly entitled by reason of the defendant's collection of the rents, issues, and profits of the farm during the year 1915 and pending the appeal, but was compelled to pay the entire sum demanded in order to protect his rights, and hence no error was committed in the respect alleged.

In the case of *First Nat. Bank* v. *Seaweard,* 78 Or. 567 (152 Pac. 883), it was held in effect that while a determination of the amount due the plaintiff from the defendants therein on their matured promissory notes was essential, requiring that copies of these obligations should be set forth in the pleadings and the originals offered in evidence, the foreclosure there involved was not based on such notes but upon the conveyance of the farm to an officer of the bank, wherein the deed was treated as a mortgage; and that the promissory notes for $20,000 having been marked "Paid" and surrendered to the makers no attorney's fee could be predicated even upon the latter negotiable instruments. For that reason the decree in the lower court in that suit allowing $1,500 as such fee was modified by denying a recovery of any sum for that purpose, and as a consequence of the conclusion thus reached by this court preventing that plaintiff from obtaining any part of the costs and disbursements which it had incurred in the prosecution of the suit:

Section 567, L. O. L.; *Spores* v. *Maude,* 81 Or. 11 (158 Pac. 169).

2–4. It will be borne in mind that the plea of *res judicata* put forth by the reply substantially shows that the foreclosure suit, wherein the defendant in this action was plaintiff and T. M. Seaweard and E. F. Seaweard, who assigned their claim to the plaintiff herein, were defendants, presented an issue as to the right of the bank to recover an attorney fee; that such controversy was ultimately decided on the merits January 18, 1916, by this court denying any relief therefor, which facts are to be inferred by setting out *in haec verba* the decree in that case, thereby supplying an averment to that effect: *Fowlkes* v. *State,* 14 Lea (Tenn.), 14. And that the question there considered and determined is the identical dispute here involved. Such statement is sufficient in details to present the question of former adjudication: 9 Ency. Pl. & Pr. 619; 23 Cyc. 1225. A judgment or decree is conclusive not only on those who were parties to the action or suit but also on all persons in privity with them: *Schuler* v. *Ford,* 10 Idaho, 739 (80 Pac. 219, 109 Am. St. Rep. 233, 3 Ann. Cas. 336). The test of identity of causes for the purpose of determining the question of *res adjudicata* is the identity of the facts essential to their maintenance: *Harrison* v. *Remington Paper Co.,* 140 Fed. 385 (5 Ann. Cas. 314, 3 L. R. A. (N. S.) 954, 72 C. C. A. 405). The allegations of new matter in the reply are deemed to have been controverted as upon a direct denial: Section 95, L. O. L. The stipulations of fact upon which this action was tried contains a clause to the effect that in the suit of the *First Nat. Bank* v. *Seaweard,* 78 Or. 567 (152 Pac. 883), plaintiff paid to its attorneys for their services $1,500, which was a reasonable sum for that purpose. Considering such agreed statement in

connection with the issue last referred to the trial
court deduced the conclusion of law that the bank was
not barred by the former decree from offsetting against
the sum of money now sued for the payment so made
as attorney's fees. An inspection of the exhibits men-
tioned discloses no uncertainty exists in respect to the
identical question decided on the merits in that suit,
which final determination is controlling herein as the
law of the case, as much so in relation to such fee as
to the costs and disbursements which the bank incurred
in the prosecution of that suit: *Powell* v. *Dayton etc.
R. Co.,* 14 Or. 22 (12 Pac. 83); *Thompson* v. *Hawley,*
16 Or. 251 (19 Pac. 84); *Murphy* v. *Albina,* 22 Or. 106
(29 Pac. 353, 29 Am. St. Rep. 578); *Kane* v. *Rippey,*
22 Or. 299 (29 Pac. 1005); *Portland Trust Co.* v. *Coul-
ter,* 23 Or. 131 (31 Pac. 280); *Baker County* v. *Hunt-
ington,* 48 Or. 593 (87 Pac. 1036, 89 Pac. 144); *Baines*
v. *Coos Bay Nav. Co.,* 49 Or. 192 (89 Pac. 371); *Oliver*
v. *Synhorst,* 58 Or. 582 (109 Pac. 762, 115 Pac. 594);
*State* v. *McDonald,* 59 Or. 520 (117 Pac. 281); *Meyer* v.
*Livesley,* 61 Or. 55 (120 Pac. 749); *Benbow* v. *The
James John,* 61 Or. 153 (121 Pac. 899); *Williams* v.
*Pacific Surety Co.,* 70 Or. 203 (139 Pac. 934); *Hanna*
v. *Alluvial Farm Co.,* 79 Or. 557 (152 Pac. 103, 156
Pac. 265).

5. The question of attorney's fees having been consid-
ered and finally determined by this court upon the
merits on the former appeal the conclusion thus
reached is binding upon the defendant herein, which
was a party to that suit, and also upon T. M. Seaweard
and E. F. Seaweard and their assignee, the plaintiff
herein, who took the chose in action with knowledge
of their rights in the premises. The allowance, there-
fore, of any sum as attorney's fees in this action must

be denied, and no offset against the sum sued for can be awarded for that purpose.

6. The plaintiff's counsel complain of the trial court's allowance of $78.42, or any other sum, as compensation to the defendant for its care of the farm during the pendency of the former appeal and while the bank held possession of the premises. It is argued that the pledgee in possession performed such service for its own benefit and not for the pledgors' advantage, and hence it is not entitled to any remuneration for such services. A pledgee is a trustee, and under the rule prevailing in England he is not allowed any compensation for labor or trouble bestowed upon the trust estate. Such rule, however, finds little favor in the courts of the several states of the Union, where it is generally held that the trustee cannot recover compensation for services which he personally performs in discharging the trust, but that when others are engaged by him for that purpose he may recover the reasonable value of the services so performed: *Gibson's Case* (1 Bland's Ch. (Md.) 138), 17 Am. Dec. 257, and notes. The legal principle thus stated is not in conflict with the rule announced in the case of *Caro* v. *Wollenberg,* 83 Or. 311 (163 Pac. 94), where it was ruled that services personally rendered by a trustee did not constitute a valid charge against the trust estate or the *cestui que trust.*

In the case at bar the defendant being a corporation could not personally care for or superintend the management of the farm, but was compelled to discharge that duty by others for the performance of whose services it is justly entitled to a reasonable compensation. The sum awarded for that purpose does not exceed the measure allowable, and hence it should not be disturbed.

84 Or.—44

It is conceded that the sum of $212.15 is a just claim for money paid out for taxes, repairs, etc., and was properly allowed as an offset against the sum of money received as rents. That sum and $78.42, the compensation for the care of the premises, aggregating $290.57, should, therefore, be deducted from $2,614.16 leaving $2,423.57 as due the plaintiff with interest at 6 per cent per annum from the time this opinion is handed down: *Baker County* v. *Huntington, supra; Sargent* v. *American Bank and Trust Co.,* 80 Or. 16, 39 (154 Pac. 759, 156 Pac. 431); *Hayden* v. *City of Astoria, ante,* p. 205 (164 Pac. 729).

The judgment herein will, therefore, be modified in the particulars specified, and under the amendment of Section 3 of Article VII of the Constitution the cause will be remanded for the purpose of entering such final determination.    Modified and Remanded.