Argued 12 February; decided 15 April, 1901.

## HOWELL *v.* JOHNSON.

[64 Pac. 659.]

ACCOUNT STATED — QUESTION FOR JURY.

1.    Unless a debtor objects within a reasonable time to an account presented it will be considered as stated. If the facts are clear or undisputed, the court should declare the account to be stated; and if otherwise, the disputed facts and the question whether the delay in objecting was reasonable should be left to the jury under proper instructions.

ACCOUNT STATED — EFFECT OF DISPUTE.

2.    An account rendered will not become an account stated unless objected to within a reasonable time, where there is a dispute as to the construction of the contract under which the transactions mentioned in the account took place.

INSTRUCTIONS MUST APPLY TO THE CASE IN HAND.

3.    An instruction is properly refused when it is based on a state of facts not found in the case.

HARMLESS ERROR NOT REVERSIBLE ERROR.

4.    An erroneous instruction will not justify a reversal of a case, when it was manifestly harmless.

EVIDENCE TO PROVE SPECIFIC ITEM — ADMITTED PAYMENT.

5.    In an action on an account, where defendant alleged that he had paid a certain amount, and plaintiff admitted such payment in his reply, evidence to show that a particular payment charged against plaintiff had never in fact been made was properly admitted, since plaintiff's admission that an aggregate sum had been paid was not an admission that any particular item went to make up the aggregate.

From Coos: JAMES W. HAMILTON, Judge.

Action by William Howell against Alfred Johnson. From a judgment in favor of plaintiff, defendant appeals.

AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. Jos. W. Bennett.*

For respondent there was a brief and an oral argument by *Mr. A. J. Sherwood.*

MR. JUSTICE WOLVERTON delivered the opinion.

The plaintiff sues for a balance claimed to be due him on the purchase price of certain saw logs sold and delivered by him to the defendant, of the alleged value of $13,832.72, of which amount he has paid $11,883.50. The defendant denies that he received logs of that value, or of any greater value than $11,004.36, including stumpage, or that he paid plaintiff any other or greater sum than $11,093.83, and affirmatively alleges that the logs were purchased by him in pursuance of an express contract in writing, subsequently modified by verbal agreement respecting the manner of ascertaining the quantity, which was to be determined by the amount of lumber manufactured therefrom at the mill; and, further, to the effect that no charge should be made for logs out of which merchantable lumber could not be cut of the length of 12 feet or over; and, for a further and separate defense, sets up several accountings alleged to have been had between the parties of all matters of business in which they were mutually concerned, the last of which was had on October 15, 1898, whereby it was agreed that there was a balance of $104.98 due the defendant. Subsequent transactions are alleged to have taken place between them, whereby such indebtedness was reduced to the sum of $89.47, for which judgment is asked. All these matters are put in issue by the reply.

For the purpose of showing, by the admissions of the defendant, the amount of lumber for which he was entitled to credit, the plaintiff offered in evidence divers statements of account, all lengthy, except one rendered him by the defendant,—the first, bearing date August 1, 1898, showing upon the debit side various items of cash and supplies furnished plaintiff, and upon the credit side items of logs, and a balance of $679.99 brought down July 31 in favor of plaintiff; the second, of date September 1, opening with "August 1, balance, $557.06," in favor of plaintiff, and closing, "August 31, by balance, $861.49," on the same side; the third, of date October 15, opening with "September 1, balance, $719.76," in favor of plaintiff, closing "October 15, balance, $104.98," in favor of defendant; a fourth was rendered December 17, opening with "October 1, balance, $846.48," in favor of plaintiff, and closing, "December 17, balance, $283.26," in favor of defendant; and another, of the same date, charging the plaintiff by first item with, "Balance, December 17, $283.26," and closing with balance against plaintiff of $77.77. The defendant's bookkeeper testified that these accounts were rendered and sent by mail to the plaintiff about the time they bear date; that he was frequently at the mill, and had at no time made any objections thereto, until about December 17, 1898, shortly after he (the bookkeeper) refused to pay an order drawn by him on the defendant, when he made an objection in writing. The writing referred to is a letter bearing date December 13, which the defendant testifies is the first objection ever interposed to his tally of the lumber at the mill. The plaintiff tacitly admits the receipt of the statements of account in the regular course, but adduced testimony tending to show that shortly after October 15, and after he had received the statement of that date, he explicitly informed the defendant that he could not accept his scale of the logs, because it was running very much short of his; that prior to that date he

was constantly delivering logs under his arrangement with the defendant; that he endeavored at numerous times, by sending expressly for the purpose, to get the defendant's scale, but was unable to obtain more than a statement of the stuff sawed, according to the mill tally, which was given to him on but two occasions. The testimony of the parties is conflicting touching the specific contract under which the logs were sold and delivered, and especially so as it regards any modifications, as alleged in the answer, to accept the tally actually cut in the stead of the usual scale of the logs.

The defendant asked the court to give the jury, among others, the following instructions:

"No. 9. If you find from the evidence that on or about the fifteenth day of October, 1898, the defendant rendered to the plaintiff the account which he claims in his answer to have delivered to the plaintiff at that time, showing the balance due from the plaintiff to the defendant of $104.98, and that plaintiff had an opportunity to object to its correctness to defendant, but failed to do so until December 17, 1898, and that after receiving the statement of account of October 15, 1898, the plaintiff continued to deal with the defendant in buying supplies for his logging camp and supplying the defendant with logs, and did not object to the correctness of the account rendered him by defendant until December 17, 1898, being about two months after receiving the said account of October 15, 1898, then I instruct you that under the law that account of October 15, 1898, became an account stated between the plaintiff and defendant to the time of its date, and its correctness cannot be questioned in this action, and, as a basis of arriving at what verdict you should give herein, it is your duty to accept that account as correct, and that at the time (October 15, 1898), there was a balance of $104.98 due from the plaintiff to the defendant, and that that balance was correct."

"No. 11. In regard to the construction of contracts, the

rule of law is that where parties to a contract have acted upon it in any particular manner, and by their course of dealing under it have pursued a certain course, they have by so doing construed the contract themselves in such particular, and in such event the construction they give it is the construction which it should receive in the consideration of an action upon it between the parties to it."

This the court refused to do, and exceptions were saved. An exception was also saved to instruction No. 10 of the general charge, whereby the jury were told "that before a debtor can become bound by such a statement of account, it must embrace the entire transactions between the parties." Judgment having been awarded the plaintiff, the defendant appeals.

1. It is undoubtedly true, as suggested, that an account stated cannot be disputed or impeached except for fraud or mistake. In the present case, however, the question is whether there exist any stated accounts between the parties touching the transaction out of which the controversy arose. If there be any such, then the rule alluded to would apply, and it would be incumbent upon the plaintiff to surcharge and impeach them for fraud, error, or mistake, and this he has not attempted to do by his pleadings, and hence would not be permitted to do so by his proofs. An account rendered may become an account stated by reason of the debtor's failing to object to it within a reasonable time after its rendition. As to what is a reasonable time within which objection should be interposed depends largely upon the peculiar facts and circumstances attending each particular case. If the facts are admitted, or are clear and undisputed, the question is one of law for the court to declare; but, where the proofs are conflicting, it becomes a mixed question of law and fact: *Fleischner* v. *Kubli,* 20 Or. 328 (25 Pac. 1086); *Brown* v. *Kimmel,* 67 Mo. 430. In such case the court should instruct the jury as to the law upon the several hypotheses

of the fact insisted upon by the parties: *Wiggins* v. *Burkham,* 77 U. S. (10 Wall.) 129.

2.  The defendant's purpose in requesting instruction No. 9 was no doubt to get his case to the jury upon the hypothesis that the account rendered of date October 15 had not been objected to prior to December 17 following, leaving the jury to find the fact as to whether objection had been made in the meanwhile, and, if they found that none had been made, then, as a matter of law, he contends they should have been directed to treat it as an account stated between the parties, which should govern them in their consideration of subsequent dealings.  It does not seem to us—admitting, without deciding, that the case is a proper one in which to make the application of the rule—that the hypothesis is broad enough to include all the conditions attending the subject-matter of inquiry, and it is otherwise somewhat inaccurate, under the defendant's showing.  Waiving the latter suggestion, there was a dispute reaching back of the rendition of any of these accounts brought upon the record by the defendant's allegation of a modification of the original contract as it respects the manner of determining the quantity of logs delivered.  The evidence adduced by the respective parties touching it was conflicting and irreconcilable, and thus became a question of fact appropriate to go to the jury. The question should have been submitted along with the other matter,—that is, whether this alleged modification had been made in the original contract,—and if such was found to be the case, and the further facts alluded to were found in accordance with defendant's theory, then it would follow, as a matter of law, that there had been an account stated. As to whether there had in reality been a modification of the original contract is vital in connection with the question whether there had been an account stated between the parties, because, if the statement rendered did not proceed upon the agreed basis for the measurement of the logs, it

could not become binding upon the plaintiff, as he could not be deemed to have assented thereto while disputing the manner of the measurement. In this view, the instruction asked was not proper to go to the jury, and the court ruled rightly respecting it.

3. Instruction No. 11 seems to have been asked upon the theory that the contract was rendered indefinite and ambiguous by the language employed, and that the parties have by their acts given it a definite and certain interpretation. There is nothing, however, in any of the contracts alluded to in the course of the trial, to call for the application of the rule contended for.

4. Instruction No. 10 given by the court may not be technically correct as a general proposition, but, as applied to this case, it could do no harm, as there were no other transactions claimed to have been had between the parties, except such as were shown by the accounts put in evidence.

5. Another question is presented by an inquiry on cross-examination of one of the defendant's witnesses, who referred to the accounts offered in evidence by the plaintiff, as to whether the defendant had paid a certain demand of $100 charged in account against plaintiff, which he was permitted to answer over objection, whereby the fact was disclosed that defendant had not paid such demand, and therefore was not entitled to credit therefor. The objection was made upon the ground that plaintiff had admitted in his reply the aggregate sum which defendant alleged he had paid him. This is quite true, but there is no admission anywhere that this particular demand went to make up the aggregate, or that it was rightly charged to the plaintiff, and, in all fairness and justice, the defendant should not be entitled to credit therefor. This disposes of the questions presented, and, being favorable to the respondent, the judgment of the court below will be affirmed.     AFFIRMED.