Argued August 5, decided October 5, rehearing denied December 28, 1909.

## KREBS HOP CO. *v.* LIVESLEY.

[104 Pac. 3.]

JUDGMENT—RES JUDICATA—QUESTIONS CONCLUDED.

1. A decision in a former action between the same parties for breach of a contract is *res judicata* in a subsequent action for a different breach in which issues related to that decided were raised.

APPEAL AND ERROR—REVIEW—QUESTIONS NOT RAISED BELOW.

2. Where a contention by defendant as to a construction of a contract was not raised below in any manner, it will not be considered on appeal.

PLEADING—ISSUES.

3. An allegation of the complaint which was not demurred to, but was denied by the answer, was an issue in the case upon which testimony was admissible.

SALES—EVIDENCE—INTERPRETATION OF CONTRACT—CONDUCT OF PARTIES.

4. Where a contract provided for delivery of hops, at either of two places, the parties, by permitting the buyer to designate the place of delivery of the first installment, interpreted the contract to permit him to do so, so that in an action thereon parol evidence was admissible to show such conduct of the parties as to the place of delivery.

WITNESSES — DISCRETION OF TRIAL COURT — CROSS-EXAMINATION — EXCLUSION OF EVIDENCE.

5. Cross-examination as to any matter connected with the direct examination is largely within the trial court's discretion, and it does not abuse such discretion in excluding testimony unless it affirmatively appears that the question asked on cross-examination related to testimony given on direct examination.

INSTRUCTIONS — SALES — ACTIONS—CONDITIONS PRECEDENT—TENDER OF PERFORMANCE.

6. A refusal before time of performance to comply with the contract, if not withdrawn, relieves the other party of offering to perform before suing thereon, so that where the buyer refused to designate the place of delivery, before time of performance, as required, at which time the seller was ready, able, and willing to deliver, and would have delivered if the buyer had designated the place of delivery, the seller was not bound to tender delivery before suing for breach of the contract, and therefore, no error was committed in giving the instructions excepted to by defendant.

From Marion: GEORGE H. BURNETT, Judge.

Statement by MR. CHIEF JUSTICE MOORE.

This is an action to recover damages for an alleged breach of a written agreement. The complaint states that the plaintiff is a corporation, and that the defendants are partners, and avers, in substance, that on August 25,

1904, a contract was consummated whereby the defendants stipulated to buy, and the plaintiff to sell, 500,000 pounds of prime Oregon hops, to be grown on the latter's farm in Polk County, of which quantity 100,000 pounds were to be delivered f. o. b. cars at Independence, Oregon, or in like manner boat at Murphy's Landing, not later than October 15th of each year from 1905 to 1909, inclusive, for which product the defendants were to pay 14 cents a pound, and to advance on account thereof $2,000 in April, a like sum in May, $6,000 in September and the remainder when the hops were delivered and accepted; that the designation of the places of delivery was inserted in the contract for the benefit of the defendants, whose duty it was to advise the plaintiff at which place the property should be left; that on previous years they had indicated the locality, with which selection the plaintiff acquiesced; that, in order to ascertain where the crop so grown in 1907 should be surrendered, the plaintiff about October 10th of that year notified the defendants that it had 100,000 pounds of contract hops for them and requested to be informed at which of the specified places delivery should be made, but defendants refused to comply therewith, and in the year 1906 had unlawfully attempted to rescind the agreement, and wrongfully declined to receive any hops thereunder; that plaintiff duly performed all the terms of the contract required to be kept by it, and in October, 1907, was able, ready, and willing to transfer to the defendants f. o. b. at either place 100,000 pounds of prime Oregon hops, grown that year on the farm mentioned, and would have offered to surrender that quantity if the defendants had designated the place where it should be left, but, because of their refusal in this respect, the plaintiff was unable to tender a delivery; that on October 15, 1907, the defendant refused to receive any of the hops or to pay the stipulated price therefor; that at that time hops of the quality so on hand were worth at the places

named only 8 cents a pound; and that in consequence of such refusal the plaintiff had sustained damages in the sum of $6,000, for which judgment was demanded.

The answer the material allegations of the complaint, and averred, in effect, that without the defendants' knowledge or consent the plaintiff about February 1, 1906, sold and conveyed its farm, assigned the contract, and, as collateral security, transferred the sums of money stipulated to be advanced to Ladd & Bush, bankers, which alienations were in violation of the terms of the contract, in consequence of which the defendants rescinded the agreement and so notified Ladd & Bush and the plaintiff.

For a second defense it is alleged that on February 1, 1906, Ladd & Bush, with plaintiff's knowledge and consent, notified the defendants of the assignments of such anticipated payments, whereupon they requested a copy of the transfer and a statement of the ownership of the farm from such bankers, but they refused to comply therewith, in consequence of which the plaintiff is estopped, and ought not to be permitted, to allege or prove that the contract has not been violated by it, or that any payments have matured or will accrue thereunder.

For a third defense it is alleged that on March 24, 1906, the defendants notified the plaintiff that in consequence of such transfers they abrogated the contract, and that thereafter, and during that year, the plaintiff raised, harvested, and baled more than 100,000 pounds of prime hops, but did not tender or offer to deliver any part thereof to the defendants, who, by reason thereof, were induced to believe that it assented to such rescission, which facts are pleaded in bar of a recovery herein.

The allegations of new matter in the answer were denied by stipulation, in lieu of a reply, and, the cause having been tried, judgment was rendered against the defendants, and they appeal.          AFFIRMED.

For appellant there was a brief with oral arguments by *Mr. William M. Kaiser* and *Wirt Minor.*

For respondent there was a brief over the names of *Mr. John A. Carson, Mr. A. M. Cannon* and *Mr. Thomas Brown* with oral arguments by *Mr. Carson* and *Mr. Brown.*

Opinion by MR. CHIEF JUSTICE MOORE.

1. An action involving an alleged prior breach of the ' contract herein was determined by this court, which held that the conveyance of the farm, and the assignment of the advance payments which were to have been made on account of the purchase of the hops, did not render it impossible for the plaintiff to perform its part of the agreement, and therefore the alienations made to the bankers did not justify a rescission of the contract by the defendants. *Krebs Hop Co.* v. *Livesley,* 51 Or. 527 (92 Pac. 1084). The conclusion thus reached was in a different action, but as it related to one of the issues now raised, and was litigated by the identical parties hereto, we shall take it for granted that such question was finally settled by the former adjudication. "The law," says Mr. Justice BEAN in *Portland Trust Co.* v. *Coulter,* 23 Or. 131, 133 (31 Pac. 280, 281), "is well settled that a decision of this court upon a point distinctly made becomes in all subsequent proceedings between the same parties concerning the same subject-matter, and upon the same facts, the law of the case by which we are bound whatever our views might be upon an original consideration of the matter." To the same effect are the following cases: *Stager* v. *Troy Laundry Co.,* 41 Or. 141 (68 Pac. 405) ; *Pacific Biscuit Co.* v. *Dugger,* 42 Or. 513 (70 Pac. 523) ; *Baker County* v. *Huntington,* 48 Or. 593 (87 Pac. 1036: 89 Pac. 144) ;*Baines* v. *Coos Bay Navigation Co.,* 49 Or. 192 (89 Pac. 371). No error was therefore committed in refusing to receive in evidence the deed

to the farm in Polk County or the assignment of all the payments accruing under the contract, executed by the plaintiff to Ladd & Bush, or in rejecting the correspondence between the latter and the defendants in relation to such alienations.

2. It is contended by defendants' counsel that, though 100,000 pounds of hops were to be delivered each year, the contract was nevertheless entire, to wit, for the sale of 500,000 pounds, the delivery thereof to be in annual installments from 1905 to 1909, inclusive, and, this being so, the failure of the plaintiff to deliver any hops in the year 1906 constituted such a breach of the conditions to be performed by it as to warrant a rescission of the agreement by the defendants. It will be remembered that the answer alleged that the plaintiff in the year 1906 raised, harvested, and baled more than 100,000 pounds of prime hops, but failed to tender or offer to deliver any part thereof to the defendants. This averment was denied by a stipulation which served the purpose of a reply. The bill of exceptions does not refer to any failure or neglect to deliver hops in the year mentioned, except by an inference which might possibly be deduced from the court's refusal to permit Conrad Krebs, a witness for the plaintiff, to answer the following question: "In 1906, is it not a fact, Mr. Krebs, that hops were worth more than 15 cents per pound on the 15th day of October, and that is the reason why you did not tender the delivery?" The objection interposed to the inquiry was that it was not proper cross-examination, thereby impliedly stating that no testimony had been given by the witness on that subject, which implication is not controverted in any manner. The legal principle now suggested does not appear to have been raised by an instruction, a request to charge, or in any manner at the trial of this cause in the lower court, and for that reason the question is not here for consideration.

3. It is maintained by defendants' counsel that an error was committed in permitting Conrad Krebs, over objection and exception, to testify as follows:

"Q. Now, with reference to this provision in this contract about the place of delivery, what has been the dealings between you and the defendants with reference to that?

"A. In 1905 they were delivered on the boat. The first year they indicated they wanted the hops delivered to the boat on the river, and we hauled them to the boat.

"Q. Hauled them there at their request?

"A. Yes, sir."

It is argued that, although the plaintiff demanded to be informed as to which of the specified places the defendants desired the hops to be left, their refusal to comply therewith did not absolve it from the obligation to elect the place of delivery, or excuse it from making a tender thereat. The complaint averred that on previous years the defendants had designated the place of delivery, with which selection the plaintiff had complied. This allegation was not challenged by demurrer but was denied by the answer, and hence testimony in relation thereto was within the issues.

4. Whenever the terms of a written contract are imperfect or indefinite, but the parties to the agreement have acted upon it in a specified manner, they have thereby interpreted the language employed in a particular way, and such construction is binding upon them. *Howell* v. *Johnson,* 38 Or. 571 (64 Pac. 659). If but one place of delivery had been named in the contract, no uncertainty could have existed in relation to the locality, and in such case, if the defendants had not rescinded the agreement, it would have been incumbent upon the plaintiff to have tendered a delivery of the hops at such place within the time specified. *Holmes* v. *Whitaker,* 23 Or. 319 (31 Pac. 705) ; *Longfellow* v. *Huffman,* 49 Or. 486 (90 Pac. 907).

The contract provided for a delivery of the hops at Independence or at Murphy's Landing. It is not to be supposed that the plaintiff was required to take the hops to both places for shipment, and hence it was necessary for one of the parties to select the locality to which the bales should be hauled from the farm, and, as the agreement was silent on this subject, the parties thereto have given to it a construction that permitted the defendants to designate the place of delivery, and, this being so, no error was committed in receiving the testimony in relation to the prior transactions respecting the conduct of the parties as to the place of leaving the product agreed to be sold.

5. Objections were sustained and exceptions reserved to the following questions put to Conrad Krebs, on the ground that answers to the inquiries would not be proper cross-examination, to wit:

"In 1907, is it not a fact, Mr. Krebs, that hops were worth more than 15 cents per pound on the 15th day of October, and that is the reason why you did not tender the delivery?"

"Is it not true that some one else was interested in the hops along with the Krebs Hop Company, the hops that were raised on the place?"

"Did you deliver this year any hops at either Independence or Murphy's Landing for these defendants?"

A similar ruling was made on the same ground respecting the testimony of John Carmichael, a witness for plaintiff, who, having stated on direct examination that he purchased a portion of the hops raised on the plaintiff's farm in the year 1907, was not permitted on cross-examination to answer the following question: "Did you buy them of the Krebs Hop Company?" It is maintained by defendants' counsel that in refusing to permit these questions to be answered, errors were committed. It nowhere appears in the bill of exceptions that Krebs or Carmichael had given any testimony that

would have rendered the questions thus asked proper on cross-examination. An adverse party may cross-examine a witness as to any matter stated in his direct-examination, or connected therewith. Section 849, B. & C. Comp. The cross-examination of a witness within the limit thus prescribed is a matter resting largely in the discretion of the trial court, and, before its exercise of such power can be held erroneous, it must appear affirmatively that the question asked on cross-examination related to the matters stated by the witness on his direct examination. That fact is not disclosed by the bill of exceptions herein, and for that reason we conclude that no error was committed as alleged.

6. Exceptions having been taken to parts of the instructions, it is maintained that the court erred in charging the jury as follows:

"(1) In view of all the testimony about the situation of the subject of this contract, and of the parties to it, and their conduct in respect to the construction, the court will construe this contract set forth in the complaint as making it the duty of the defendants to designate the place of the delivery of the hops under the contract either at Independence or at Murphy's Landing; and their failure to designate the place of delivery within a reasonable time, or as soon as it could be conveniently done after they were notified to do so by plaintiff, would constitute a breach of the contract on their part. It was their duty under the contract to designate the place of delivery, and to be present at the place of delivery to receive the hops under the contract. If they refused to do that, that would constitute a breach of the contract, for which they would be liable in damages if the plaintiff had performed its parts of the contract.

"(2) If you find under the rules of law that I have announced to you that the defendants broke their contract, and that the plaintiff was in a situation to comply with its contract, and was ready, able, and willing to comply with it within the rules I have given you, you would proceed to assess the damages in favor of the plaintiff."

What has hereinbefore been said in relation to the admission of testimony respecting the construction placed upon the written agreement by the parties to it, imposing on the defendants the duty to designate the place of delivery of the hops, will apply to the first instruction, which announces the well-settled rule that where a contract is doubtful or ambiguous, or where it does not expressly provide for the performance of the terms contemplated, and the parties to the agreement have themselves given to the language used a particular construction, such interpretation is binding upon them. *Central Trust Co.* v. *Wabash Ry. Co.* (C. C.) 34 Fed. 254; *Reissner* v. *Oxley,* 80 Ind. 580; *Hosmer* v. *McDonald,* 80 Wis. 54 (49 N. W. 112). The second instruction seems to be consonant with the rule stated in *Longfellow* v. *Huffman,* 49 Or. 486, 491 (90 Pac. 907, 909) where Mr. Chief Justice Bean says:

"A declaration by one party to a contract, made prior to the time fixed for the performance, that he will not comply with such contract, if not withdrawn, may dispense with or excuse an offer to perform by the other party before bringing his action. * * But it does not ordinarily excuse ability to perform."

The bill of exceptions shows that the plaintiff offered in evidence a notice of rescission issued by the defendants March 24, 1906, and also proved that on October 15, 1907, and prior thereto, it had on hand, and was ready, able, and willing to deliver 100,000 pounds of prime hops, grown on its farm that year, and would have tendered a delivery thereof if the defendants had designated the place where the hops should be left. These facts bring the case within the rule last stated, and no error was committed in giving the instruction.

Other errors are assigned, but deeming them unimportant, and that the legal questions involved were settled in the former action, the judgment is affirmed.

Affirmed: Rehearing Denied.