Argued December 3, affirmed December 22, 1914.

# SALENE v. ISHERWOOD.

(144 Pac. 1175.)

**Judgment—Res Judicata—Questions Concluded.**

1.  Under the rule that a judgment is conclusive on questions actually contested and determined, and also on all matters which might have been litigated in the proceeding, unless the failure to urge the point in question was caused by the adversary's fraud and was without negligence of the losing party, a judgment that a deed granted exclusive rights, is *res judicata* in a subsequent suit to set it aside for want of consideration and ignorance of the grantors.

**Cancellation of Instruments—Proceedings—Laches.**

2.  A suit to set aside a conveyance, brought 28 years after its execution, and after the death of all parties excepting one of the grantors, on the ground that there was no consideration to support the deed, and that the grantors were ignorant and unable to speak English, is barred by laches.

> [As to when equity will refuse relief because of laches, see notes in 54 Am. Dec. 130; 2 Am. St. Rep. 795; 23 Am. St. Rep. 148. As to enforcement in equity of stale claims, see note in Ann. Cas. 1914B, 314.]

**Appeal and Error—Questions Reviewable—"Assignments of Error."**

3.  An "assignment of error," within Supreme Court Rule 12 (56 Or 621, 117 Pac. xi), providing that no question will be examined except those going to the jurisdiction of the court, or when the pleading does not state facts constituting a cause of action, or defense, or those arising on the assignments of error as contained in the printed abstract, is in the nature of a pleading, and its purpose is to point out specific errors to enable the appellate court to see on what point a reversal is asked.

**Appeal and Error—Questions Reviewable—Assignments of Error—Necessity.**

4.  Where an appeal is taken from a decree entered on the pleadings, formal assignments of error are not necessary, though it is the better practice to have them.

**Appeal and Error—Questions Reviewable—Assignments of Error—Necessity.**

5.  An appeal will not be dismissed for want of assignments of error, where it appears that the error complained of is the entering of an order set out with sufficient of the record to make it intelligible.

**Appeal and Error—Questions Reviewable—Assignments of Error—Supplemental Abstract.**

6.  Where assignments of error were inadvertently omitted, they may be filed as a supplemental abstract; respondent not having been affected by the admission.

From Columbia: JAMES A. EAKIN, Judge.

This is a suit by Christine Salene against F. W. Isherwood, Charles A. Burckhardt, David L. Williams, A. F. Smith and Mrs. William T. Muir. From a decree favoring defendants, plaintiff appeals. The facts are stated in the opinion of the court. AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. Clarence J. Curtis.*

For respondents there was a brief over the names of *Mr. Charles D. Mahaffie* and *Mr. Kindman Brewster,* with an oral argument by *Mr. Mahaffie.*

Department 2. MR. JUSTICE McNARY delivered the opinion of the court.

Bearing upon its face the scars of many legal conflicts, this case comes here for the fourth time covering a period of intermittent litigation of two score and eight years. Differing from its predecessors only in the formation of its attack, this suit partakes of one to quiet title. The land affected consists of 400 acres adjoining Willamette slough in Columbia County. The subject of this controversy concerns the validity of a deed executed by plaintiff and her husband, in February, 1878, to H. T. Bingham and E. W. Bingham, conveying the exclusive right to shoot, take and kill wild ducks or other wild fowl upon the lakes, sloughs and waters lying within the confines of the foregoing premises. By mesne conveyances and through the channels of inheritance, this grant of a profit *à prendre* resides in defendants. The assault in this case upon the original conveyance is rooted in the proposition of a want of consideration; that the grantors were ignorant persons, unable to speak the English language;

that plaintiff misunderstood the nature of the instrument at the time of its execution; and that the rights of the grantees, if any, were unassignable. Defendants, in an effort to overthrow plaintiff's onset, allege facts which they maintain constitute (1) laches; (2) *res adjudicata.* A decree was entered for defendants.

1. The legal effect of the deed and the rights acquired by the grantees thereunder were determined by this court in *Bingham* v. *Salene,* 15 Or. 208 (14 Pac. 523, 3 Am. St. Rep. 152) ; *Salene* v. *Isherwood,* 55 Or. 263 (106 Pac. 18) ; and *Isherwood* v. *Salene,* 61 Or. 573 (123 Pac. 49, Ann. Cas. 1914B, 542, 40 L. R. A. (N. S.) 299). The questions decided in the first case and laid to rest were: That the instrument conveyed to the grantees, their heirs and assigns forever, the exclusive right and privilege to shoot, kill and take any wild fowl upon and in any of the lakes, sloughs or waters situated upon the land defined in the deed with the right of ingress and egress for such purposes to and from the waters mentioned.

For the purpose of showing the extent of the matters adjudicated, we quote from Mr. Chief Justice LORD in *Bingham* v. *Salene,* 15 Or. 216 (14 Pac. 526, 3 Am. St. Rep. 152) :

"We come now to consider the defenses of the defendants. Substantially, they are divisible into two parts; and, briefly, are: (1) That the defendants, being unable to read and write, signed the deed, relying upon the representations of the plaintiffs that its provisions only created a personal license to come down to the farm of the defendants to shoot and hunt wild fowl; and (2) that at the time the deed was executed, the plaintiffs were acting as the attorneys for the defendants, and availed themselves of the confidence arising from that relation to procure their consent to grant them such privilege on the representations stated. It

is sufficient to say, without going much into detail, that we do not think that either of these defenses are sustained by the evidence."

Thus do we find the very matters suggested by this litigation discussed and decided adversely to plaintiff's contention. The judgment rendered therein is a finality as to the claims in controversy, not only as to every matter which was offered to defeat the original conveyance, but as to other admissible matters which might have been offered for that purpose. The law as to the conclusivenes of a judgment is clearly stated by the Supreme Court of the United States in *Cromwell* v. *County of Sac,* 94 U. S. 351 (24 L. Ed. 195), and the distinction between the effect of such a judgment as a bar or estoppel in the same action and as an estoppel or bar to another action is most lucidly stated. This court has decided over and over again that a judgment is conclusive not only upon the questions actually contested and determined, but upon all matters which might have been litigated and decided in the proceeding, unless the failure to urge the point in question was caused by the adversary's fraud and was without negligence of the losing party: *Belle* v. *Brown,* 37 Or. 588 (61 Pac. 1024); *Krebs Hop Co.* v. *Livesley,* 55 Or. 227 (104 Pac. 3), and cases therein mentioned. Common sense and social quietude demand that matters once litigated and decided by a court of competent jurisdiction should not be stirred again.

2. Well might we close this case here, but we will comment on another defense which must necessarily operate as an insuperable barrier to further litigation, and that is, the defense of a stale equity. We acknowledge the dogma that no arbitrary rule exists for determining when a matter becomes stale, and that the question of laches is to be decided upon the particular

circumstances of each case. Therefore a careful scrutiny of the record becomes obligatory and reveals that of the four parties to the deed, all, save plaintiff, have died; that the time intervening between the first case and this, the last one, has covered a period of about 28 years. These two circumstances in themselves are sufficient to inspire a court of equity to look with disfavor upon this suit and to deny the application for relief: *Neppach* v. *Jones,* 20 Or. 491 (26 Pac. 569, 849, 23 Am. St. Rep. 145); *Wilson* v. *Wilson,* 26 Or. 257 (38 Pac. 185); *Froebrich* v. *Lane,* 45 Or. 13 (76 Pac. 351, 106 Am. St. Rep. 634); *Wills* v. *Nehalem,* 52 Or. 70 (96 Pac. 528).

3. We observe in this case that the abstract does not contain any assignments of error. Rule 12 of this court (56 Or. 621, 117 Pac. xi) provides:

"On the hearing in this court, no questions will be examined or considered, except those going to the jurisdiction of the court, or when the pleading does not state facts sufficient to constitute a cause of action or defense, or those arising upon the assignments of error, as contained in the printed abstract."

An "assignment of error" is in the nature of a pleading, and its purpose is to point out the specific errors alleged to have been· committed by the trial court in order to enable the appellate court to see on what point a reversal of the case is asked, and it is therefore, not only of the utmost importance, but an indispensable prerequisite to the consideration of a cause, that the errors claimed be specified.

4–6. An appellant omitting to do this, the judgment or decree of the lower court will be affirmed; though this general statement must be qualified in these particulars: Where the appeal is taken from a decree entered on the pleadings, formal assignments of error

are not imperatively necessary, though it is better practice to have them (*Neppach* v. *Jones,* 28 Or. 286 (39 Pac. 999, 42 Pac. 519); nor will the appeal be dismissed for lack of assignments of error where it sufficiently appears that the error complained of is the entering of a certain order which is fully set out with sufficient of the record to make it intelligible (*Medynski* v. *Theiss,* 36 Or. 397 (59 Pac. 871); and, where the assignments were inadvertently omitted, they may be filed as a supplemental abstract, where respondent has not been affected by the omission: *Fleischner* v. *Bank of McMinnville,* 36 Or. 553 (54 Pac. 884, 60 Pac. 603, 61 Pac. 345); *Skinner's Will,* 40 Or. 571, 575 (62 Pac. 523, 67 Pac. 951).

The decree of the lower court is, in our opinion, free from error, and must be affirmed.      AFFIRMED.

MR. CHIEF JUSTICE MCBRIDE, MR. JUSTICE EAKIN and MR. JUSTICE BEAN concur.