Argued April 4, affirmed April 17, 1917.

## REIMERS v. BRENNAN.*

### (164 Pac. 552.)

Evidence—Cross-examination of Expert—Value.

1. Evidence of particular sale is permitted upon cross-examination in proving value in order to test the qualification of the witness.

---

*On right of purchaser to rely on representations made to effect contract as a basis for a charge of fraud, see note in 37 L. R. A. 610; 14 L. R. A. (N. S.) 1210.

Generally on the question of right to impeach one's own witness, see note in 21 L. R. A. 418.

On admissibility of previous statements by a witness out of court consistent with his testimony, see note in 41 L. R. A. (N. S.) 857.

REPORTER.

Witnesses—Cross-examination—Scope—Discretion of Court.

2. In action for damages for fraudulent representation in exchange of real estate, it was a proper exercise of the court's discretion to exclude cross-examination of a defendant to elicit the fact that the property received by him and his wife in exchange was sold two years after the exchange at an advance in value, since both the *bona fides* of that transaction and the value of the property received by defendants were collateral issues.

Witnesses—Impeaching One's Own Witness.

3. Under Section 861, L. O. L., as to impeaching one's own witness, a witness may be contradicted by a party calling him, where the witness gave testimony damaging to the party calling him on the ground of surprise, by showing that he has made at other times statements inconsistent with his present testimony, as provided in Section 864, as to impeaching witness by inconsistent statements, although the party producing the witness is not allowed to impeach his credit by evidence of bad character.

[As to impeaching one's own witness, see note in Ann. Cas. 1914B, 1120.]

Trial—Instructions—Reliance on Representation.

4. In action for fraud in exchange of realty, an instruction upon right of plaintiffs making an investigation of the property to rely on defendants' representations, *held* to fairly submit the issues, when considered as an entirety.

Fraud—Reliance on Representations.

5. A purchaser must use reasonable care for his own protection and should not rely blindly upon statements made by a seller; and between parties dealing at arm's-length, where no fiduciary relation exists and no device or artifice is used to prevent an investigation, it is the general rule that a purchaser must make use of his means of knowledge, and, failing to do so, he cannot recover on the ground that he was misled by the seller.

Fraud—Inspection—Reliance on Representations.

6. Where there has been an inspection by a person making an exchange of property, false representations as to the value cannot, as a rule, be made the basis of an action for damages.

From Multnomah: GEORGE N. DAVIS, Judge.

Edward Reimers and Eva Reimers, his wife, commenced this action against T. F. Brennan and Blanche Brennan, his wife, to recover damages. From a judgment in favor of defendants, plaintiffs appeal. Affirmed.

Department 2. Statement by MR. JUSTICE BEAN.

This is an action to recover damages for alleged fraudulent representations in an exchange of real

properties. The jury returned a verdict in favor of the defendants upon which a judgment of dismissal was entered, and plaintiffs appeal.

It appears that in August, 1913, the plaintiffs were the owners of a 200-acre ranch in Douglas County, Oregon, worth $9,000 they claim, which they traded to the defendants for lot 22, block L, Greenway's Addition to Portland, Oregon, facing on two streets, upon which was situated a double flat building and a bungalow. They claim that the defendants' property was not worth over $5,355.55, and that it was traded to them on the basis of a valuation of $13,000, while their real estate was taken in exchange at $9,000, leaving a difference of $4,000, for which they executed to defendants a mortgage upon the Portland realty. The evidence shows that after some preliminary negotiations conducted by correspondence, plaintiff Reimers went to Portland and made a careful examination of the Brennan property. He also called upon a Mr. Meves, a restaurant-man of his acquaintance, and discussed with him the desirability and value of defendants' premises. Mr. Meves referred him to a Mr. Lofgren, an attorney, whom he consulted with reference to Portland values, and particularly in regard to the worth of the defendants' property. He also investigated one or two other propositions offered in exchange for his farm. He informed the Brennans that Mrs. Reimers would come to Portland in a few days and inspect the premises, which she did. In the meantime Mr. Brennan visited the Roseburg ranch and an exchange as stated was thereupon effected upon the basis mentioned. After the exchange the Brennans went into possession of the farm and the Reimers took possession of the city property. No complaint was made by the plaintiffs to the defend-

ants for nearly a year after the deal, when this action was filed. _                                    AFFIRMED.

For appellants there was a brief over the name of *Messrs. Clark, Skulason & Clark,* with an oral argument by *Mr. Bardi G. Skulason.*

For respondents there was a brief over the name of *Messrs. Stapleton & Conley,* with an oral argument by *Mr. J. L. Conley.*

MR. JUSTICE BEAN delivered the opinion of the court.

The questions in issue are the value of the property and whether or not the defendants made fraudulent representations to the plaintiffs by which the exchange was consummated and on account of which they were damaged. During the course of the cross-examination of the defendant J. F. Brennan, and of certain other of the defendants' witnesses, counsel for plaintiffs on cross-examination, sought to inquire whether the defendants had sold the Douglas County property for $15,000 within two years after the exchange. This line of cross-examination was objected to by counsel for defendants and held improper by the court. Thereupon the plaintiffs made an offer of proof in accordance with the questions asked, which was refused and exceptions duly saved.

1, 2. Evidence of particular sales is permitted upon cross-examination in proving value in order to test the qualification of the witness. In the present case the witnesses were thoroughly examined as experts. It should also be kept in mind that plaintiffs were endeavoring to prove value in order to show fraud on the part of the defendants. If they had been permitted to show that about two years after the exchange of the properties in question the defendants had sold

the ranch for $15,000, then the question of the *bona fides* of that transaction, the terms, and the kind of payment, would have been opened for investigation and another distinct issue raised instead of one being settled: *East Penn. R. R.* v. *Hiester,* 40 Pa. St. 53. The facts in regard to the terms and circumstances of the sale of the farm were not in evidence nor tendered.

There is another reason why plaintiffs should not be heard to question this ruling. In their pleading they complain that the defendants misrepresented and overvalued the Portland property. By the evidence offered they are attempting to show that they under-valued the ranch which they themselves traded in exchange. Value witnesses were called as to the real estate in both counties, and the question was fairly submitted to the jury. It was not an abuse of discretion for the trial court to curtail the cross-examination in the ruling complained of: *Krebs Hop Co.* v. *Livesley,* 55 Or. 227, 234 (104 Pac. 3) ; *McIntosh* v. *McNair,* 63 Or. 57, 65 (126 Pac. 9) ; *Furbeck* v. *Gevurtz,* 72 Or. 12 (143 Pac. 922).

3. Upon the examination in chief of Mr. Sykes, witness for the defendants, their counsel questioned the accuracy of their own witness over the objection of plaintiffs and later on called another witness named Barber, by whom they were permitted to prove certain contradictory statements made by the witness before he was called to the stand, which was objected to by counsel for plaintiffs as hearsay, not proper impeachment, and exceptions were saved to the ruling of the court allowing the same. Under Section 861, L. O. L., a witness may be contradicted by a party calling him where the witness gives testimony damaging to the party calling him on the ground of sur-

prise, by showing that he has made at other times statements inconsistent with his present testimony, as provided in Section 864, although the party producing the witness is not allowed to impeach his credit by evidence of bad character.

4-6. In a very general way counsel for plaintiffs saved an exception to the court's charge to the jury in regard to the investigation of the property made by the plaintiffs and not relying upon the representations made by the defendants. After defining fraud and misrepresentation, among other things the court advised the jury to the effect that in order to constitute fraud they must find that the person to whom the representations were made, the plaintiffs in this case, believed them, relied upon them, and were induced by reason of them to enter into the deal in this particular case; and further that:

"However, the law does not excuse persons, dealing the one with the other, from the use of their ordinary senses, in other words, the law requires persons dealing at arm's-length to use the ordinary care and precaution,—of men in the ordinary business walk of life. And if in this case you believe from the testimony that these plaintiffs undertook to make an investigation of the properties belonging to the defendants, and did make such an investigation, then the law will not permit them to say,—after we have made this investigation and satisfied ourselves as to the circumstances, and condition of the properties,— the law will not permit them to say,—'We are not going to rely upon our investigation, but are going to rely upon your statements.'"

It is suggested by plaintiffs' counsel that the instruction in regard to the ruling upon misrepresentation was too narrow. Taking the last part of the quoted charge alone, it might possibly be subject to criticism, but taking it as an entirety we believe there

would be no danger but that the jury would understand the direction of the court that in order to constitute actionable fraud, among other things pointed out, they must find that the plaintiffs relied upon the false representations of the defendants: *Poppleton* v. *Bryan,* 36 Or. 69 (59 Pac. 549). A purchaser must use reasonable care for his own protection and should not rely blindly upon statements made by a seller, and between parties dealing at arm's-length, where no fiduciary relation exists and no device or artifice is used to prevent an investigation, it is the general rule that a purchaser must make use of his means of knowledge, and failing to do so he cannot recover on the ground that he was misled by the seller: 30 Cyc. 49; *Allen* v. *McNeelan,* 79 Or. 606 (156 Pac. 274); *Poland* v. *Brownell,* 131 Mass. 138 (41 Am. Rep. 215). Where there has been an inspection by a person making an exchange of property, false representations as to the value cannot as a rule be made the basis of an action for damages: 2 Pom. Eq. Jur, § 892; *Allen* v. *McNeelan,* 79 Or. 606 (156 Pac. 274); *Farrar* v. *Churchill,* 135 U. S. 609 (34 L. Ed. 246, 10 Sup. Ct. Rep. 771); 14 Am. & Eng. Enc. Law, 112. The charge given by the court to the jury fairly submitted to them the issues to be tried. Finding no error in the record the judgment of the Circuit Court is affirmed.

AFFIRMED.

MR. CHIEF JUSTICE McBRIDE, MR. JUSTICE MOORE and MR. JUSTICE McCAMANT concur.