Argued January 13, affirmed February 2, 1926.

# CHARLES FITZPATRICK v. O. O. SLETTEN ET AL.

## (242 Pac. 1114.)

**Evidence—In Action Against Brokers for Misrepresentation, Exclusion of Certified Copy of Judgment Against Brokers' Principal Held not Error.**

1. Where, in action against brokers for misrepresenting business which induced plaintiff to purchase, brokers did not deny that plaintiff recovered judgment against principal, and plaintiff testified to amount of such judgment and amount paid thereon, exclusion of certified copy of judgment was not error.

**Witnesses—Exclusion of Plaintiff's Books Held not Error, Where He Testified Fully Without Aid of Memorandum.**

2. Where plaintiff, suing brokers for damages for misrepresenting receipts of business which induced him to purchase business, testified fully in support of complaint without reference to any memorandum, exclusion of plaintiff's books on defendants' objection was not error, under Section 859, Or. L.; exact amount of receipts and expenditures being immaterial.

**Fraud—Purchaser Should not Rely Blindly on Seller's Statements.**

3. Purchaser must use reasonable care for his own protection, and should not rely blindly on seller's statements.

**Appeal and Error—Complaint That Finding was Nullity Because Outside Issues Untenable, Since Nullity is Harmless.**

4. Appellant will not be heard to complain that court's adverse finding was a nullity because outside issues, since, if a nullity, the finding was harmless.

**Brokers—Finding That Purchaser Did not Make Prudent Investigation Held Sustained by Evidence, and was Within Pleadings.**

5. A finding that purchaser did not make prudent investigation of business and property purchased, and that he had opportunity so to do, *held* sustained by evidence, and was within issues made by answer that brokers introduced him to seller and that subsequent negotiations were carried on between purchaser and seller.

**Trial—Finding That Purchaser Did not Prove Brokers' Fraud Held not Objectionable as Mere Conclusion of Law.**

6. Finding that purchaser of business did not prove brokers' fraud as alleged in complaint *held* not objectionable as stating mere conclusion of law; fraud in this case being question of fact.

---

3. See 12 R. C. L. 360.

Trial—Court's Finding Need Only Set Out Ultimate and not Evidentiary Facts.

7. Court's finding need not set out evidence on which it relies, but should set out only the ultimate facts found from evidence.

Trial—Finding That Plaintiff Failed to Prove Fraud as Alleged in Complaint Held not Objectionable as Negative Pregnant.

8. Finding that plaintiff had not proved fraud as alleged in his complaint, *held* not objectionable as constituting negative pregnant, since findings are limited by issue framed by pleading.

Appeal and Error — Supreme Court is not Required to Weigh Evidence, but Only to Determine Whether Any Material Evidence Supports Findings.

9. It is not duty of Supreme Court to weigh evidence, but only to determine whether there is any material evidence to support findings.

---

Appeal and Error, 4 C. J., p. 844, n. 66
Evidence, 22 C. J., p. 170, n. 37.
Fraud, 26 C. J., p. 1142, n. 13.
Trial, 38 Cyc., p. 1970, n. 7, p. 1981, n. 59.
Witnesses, 40 Cyc., p. 2451, n. 89, p. 2467, n. 83.

From Multnomah: JAMES W. HAMILTON, Judge.

Department 2.

This action was instituted by the plaintiff to recover damages from the defendants resulting from alleged false representations which induced the plaintiff to purchase an interest in the Scandia Card and Soft Drink Room, 266 Burnside Street, Portland, Oregon. The defendants are brokers and realtors. They inserted in the "Oregonian" an advertisement which the plaintiff claims to have been false and misleading, upon which he relied and by which he was induced to make the purchase, which advertisement was as follows:

"$3000.00 card room, lunch and soft drinks, well located, $100.00 daily receipts, equipment cost $6500.00 last year, low rent, long lease, some terms, owner has other business.

"Morris with O. O. Sletten, Realtor, 415 Ry. Exchange Buildg."

The case was tried to the court without a jury. The court's finding of fact is as follows:

"1. That the plaintiff did not make a prudent investigation of the business and property he purchased and that he had the opportunity to do so.

"2. That the plaintiff has not proved fraud on the part of the defendants or either of them, as alleged in plaintiff's complaint.'

The plaintiff appeals and assigns as errors the refusal of the court to allow the plaintiff to testify from his books and records kept by him in his own writing as to receipts and expenses of the business; in refusing to allow a certified copy of the judgment rendered in plaintiff's favor against Leslie Jones from whom plaintiff purchased the property; that the findings of fact and conclusions of law are not sustained by the evidence, and that the findings of fact and conclusions of law are not sufficient upon which to base the judgment.          AFFIRMED.

For appellant there was a brief and oral argument by *Mr. Ernest Cole.*

For respondents there was a brief and oral arguments by *Mr. A. D. Leedy* and *Mr. C. A. Applegren.*

COSHOW, J.—1. The plaintiff had rescinded his purchase of a half interest of said property and had sued and recovered judgment against his vendor for the amount paid for the property. He was unable to collect his judgment, except a small portion thereof. For the purpose of showing that he had been unable to collect the judgment and that execution had been issued on said judgment he offered in evidence a judgment against his vendor. The court refused to admit the certified copy of the judgment against his vendor

but permitted the plaintiff to testify as to the amount of the judgment and the amount that had been paid on it. The fact plaintiff desired to prove was not denied by the defendants. It was not error, therefore, to sustain an objection to the admission of the judgment-roll. The judgment was not involved in the instant litigation. There was no issue about the amount of the judgment.

2. For the purpose of proving the amount of plaintiff's damages he testified to the daily receipts of the business during the short time he was in charge thereof. One of the particulars in which the statements appearing in the advertisement was false was that the receipts were $100 per day. Plaintiff testified that the receipts were about $10 a day and the expenses $20 per day. The court permitted the plaintiff to testify fully and in detail regarding the daily receipts. Plaintiff complains because the court did not allow him over the objection of the defendants to introduce his books in which he kept an account of said receipts and expenditures: Section 859, Or. L. We do not believe the court erred in that ruling. The exact amount of the receipts and expenditures was immaterial. The items of the account were not involved. The plaintiff desired to use the books to refresh his memory "as to the exact daily receipts and expenses of said business from his books." He alleged in his complaint that the receipts did not exceed $10 per day and that the expenses were $20. He was able to testify in support of his complaint without reference to any memorandum.

"A witness having an independent recollection of a fact is not permitted to produce a memorandum, such a paper being used only for the purpose of refreshing his recollection." *Hall* v. *Brown*, 102 Or.

389, 393 (202 Pac. 719, 720); *Friendly* v. *Lee*, 20 Or. 205 (25 Pac. 396).

The particular items making up the receipts and expenses were immaterial to the issues joined in this action.

3-5. The plaintiff complains that the first finding of fact quoted above is outside of the issues and is therefore a nullity. If we concede that the finding is a nullity then it is harmless. It is a rule of law that a person seeking damages on account of fraud by reason of misrepresentation made to him whereby he was induced to buy property must use reasonable care for his own protection and should not rely blindly on statements made by the seller: *McCabe* v. *Kelleher*, 90 Or. 45 (175 Pac. 608); *Reimers* v. *Brennan*, 84 Or. 53 (164 Pac. 552). The defendants alleged as an affirmative defense that the plaintiff called at their office and expressed a desire to purchase the property. Thereupon defendant Morris accompanied him to the property, introduced him to Leslie A. Jones, the owner, and that thereafter the negotiations for the sale of said property by said Jones and purchase thereof by plaintiff were conducted between them. The testimony in behalf of the defendants supports this allegation. The defendant Morris testified that he told plaintiff in effect that all the information he had about the business was what the owner, Jones, had told him, and that Jones and the plaintiff carried on all of the subsequent negotiations which led to the purchase by the plaintiff. The finding No. 1 was therefore appropriate, responsive to the evidence and within the pleadings.

6, 7. Plaintiff contends that finding No. 2 is a mere conclusion of law, is a negative pregnant and is not sufficient finding of fact upon which to base a conclu-

sion of law. We cannot concur in plaintiff's opinion. Fraud is a question of fact: *Clough* v. *Dawson,* 69 Or. 53, 59 (133 Pac. 345, 138 Pac. 233); *Porter* v. *O'Donovan,* 65 Or. 9 (130 Pac. 393). Finding No. 2 is therefore a finding of fact and is not merely a conclusion of law. Fraud is often a mixed question of law and fact. But in the instant case the alleged fraud is entirely one of fact. The court is not required to set out in its finding of fact the evidence upon which it relies. All that is required is the ultimate fact which the court finds from the evidence.

"When, in an action tried without a jury, the court finds on an issue that ultimately determines and necessarily supports the judgment rendered, other issues in the case become immaterial, and a failure to find thereon does not constitute prejudicial error."

*Lewis* v. *First Nat. Bank,* 46 Or. 182, 188 (78 Pac. 990, 992); *Turner* v. *Cyrus,* 91 Or. 462, 467 (179 Pac. 279); *Columbia Realty Investment Co.* v. *Alameda Land Co.,* 87 Or. 277, 291 (168 Pac. 64, 440).

"If findings support the judgment and conform to the theory of the prevailing party, they are sufficient." *Freeman* v. *Trummer,* 50 Or. 287, 290 (91 Pac. 1077, 1078).

8. The plaintiff has no just ground for complaint because of the form of finding No. 2. His contention as we understand it is that the use of the language "as alleged in plaintiff's complaint" constitutes a negative pregnant. It is elementary that the findings are limited by the issue framed by the pleading. Plaintiff could not recover for any fraud other than that alleged in his complaint: *Ford* v. *Schall,* 110 Or. 21, 26 et seq. (221 Pac. 1052, 222 Pac. 1094).

9. The only issue framed by the pleadings was the fraud. The findings therefore correspond to and cover

the entire issue joined in the trial.    These findings are
sufficient to support the judgment and there was evi-
dence to support the findings.    It is not the duty of
this court to weigh the testimony but only to deter-
mine whether or not there was any material evidence
to support the findings.    The judgment is affirmed.

AFFIRMED.

McBRIDE, C. J., and BROWN and BELT, JJ., con-
cur.